F. E. FOOTE *vs.* HARTFORD FIRE INSURANCE COMPANY.

SAME *vs.* HANOVER FIRE INSURANCE COMPANY.

SAME *vs.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

Hampden. Sept. 29, 1875. — Jan. 4, 1876. AMES & DEVENS, JJ., absent.

A policy of insurance against fire, which provided that it should be void if any change took place in the title or possession of the property, whether by sale, transfer or conveyance, legal process or judicial decree, was made to the owner of an equity of redemption, payable in case of loss to the "mortgagee, as his interest may appear." The mortgagor afterwards conveyed his interest in the premises by quitclaim deed to the mortgagee, and at the same time took back a bond for a reconveyance of the same to him, his heirs and assigns, upon the payment of a sum named, which was the amount then due on his mortgage. The bond was not acknowledged or recorded, and the insurer had no notice of the existence of either the deed or the bond until after the premises were destroyed by fire. After the delivery of the deed and bond, and until the fire, the mortgagor occupied a part of the building without payment of rent, paid taxes, made repairs, controlled the occupation of the other tenants, and until four months before the fire collected the rents and paid them over to the mortgagee. After that the mortgagee collected the rents, but had nothing else to do with the premises. The debt secured by the original mortgage had not been paid. The mortgagee brought an action to recover for the loss by fire. *Held*, the Gen. Sts. c. 89, § 15, providing that an absolute conveyance shall not be defeated or affected by an unrecorded defeasance "as against any person other than the maker of the defeasance or his heirs or devisees, or persons having actual notice thereof," that there was an alienation within the meaning of the policy.

ACTIONS OF CONTRACT upon three policies of insurance on the same building. The cases were tried together in the Superior Court before *Colburn*, J. The jury returned a verdict for the plaintiff in each case; and the defendants alleged exceptions, so much of which as is material to the point decided appears in the opinion.

*A. L. Soule*, for the defendants.

*M. P. Knowlton*, for the plaintiff.

COLT, J. All the policies upon which these actions are brought contained, in substantially the same words, a provision which makes them void if any change takes place in the title or possession of the property, " whether by sale, transfer or conveyance, legal process or judicial decree." They were made to Pomeroy, who was then the owner of the equity of redemption, and were " payable in case of loss to F. E. Foote, mortgagee, as his interest may appear."

After the policies were issued, Pomeroy conveyed his interest in the premises by quitclaim deed to Foote, the plaintiff, and at the same time took back a bond for a reconveyance of the same to him, his heirs and assigns, upon the payment of a sum named, which was just the amount then due on his two mortgages. The bond was not acknowledged or recorded, and the defendants had no notice of the existence of either the deed or the bond until after the fire.

After the delivery of the deed and bond, and until the fire, in November, 1873, Pomeroy occupied a part of the building without payment of rent, paid taxes, made repairs, controlled the occupation of the other tenants, and up to June, 1873, collected the rents and paid them over to the plaintiff. After that, the plaintiff collected the rents, but had nothing else to do with the premises.

The debts secured by the original mortgages had not been paid, the securities were not taken up, and were not discharged, otherwise than as affected by the giving of the quitclaim deed and the bond.

We are of opinion that Pomeroy's deed effected a change of title and possession in the property insured, within the meaning of these policies. The absolute record title passed by it to the plaintiff. He could convey the land, and give a good and indefeasible title as against Pomeroy. It was subject to attachment for his debts. He had all the rights, and was subject to all the liabilities, of owner as to all persons but Pomeroy. In these respects, the plaintiff's power over the land was greater than that which he had before the deed, as mortgagee  On the other hand, Pomeroy parted with all power to convey as mortgagor, and all right to enforce or defend his title against a stranger. In these and other respects, he had not the same title which a mortgagor

has in law and in equity under a recorded mortgage. The deed carried with it also a legal change of possession, notwithstanding the grantor remained in the occupation of part or the whole of the premises.

The force of these considerations is not controlled by the suggestion that upon the production of the unrecorded bond of defeasance the deed would not in equity, as between the parties to it, be allowed to change the existing relation of mortgagor and mortgagee, so as to give an absolute title to the grantee. The question is as to the effect of the transaction upon a party without notice, who has an interest in the property by virtue of a contract of insurance, and who has stipulated that no change of title shall be made. The statute declares that an absolute conveyance shall not be defeated or affected by an unrecorded defeasance " as against any person other than the maker of the defeasance or his heirs or devisees, or persons having actual notice thereof; " Gen. Sts. *c.* 89, § 15 ; and it has been decided that one who holds under such a conveyance, but who has given an unrecorded bond of defeasance under which his grantor remains in possession, is liable, as owner, to be proceeded against for damages under the mill act. *Hennessey* v. *Andrews,* 6 Cush. 170. The decision is put solely upon the ground that by the statute the defeasance is wholly inoperative and void against any person but the maker and his heirs or devisees, or persons having actual notice, and shows that the provisions are not to be restricted to those who are in some sense parties to the deed, or can claim rights under it. And under a similar statute in Maine it was held that a policy, which provided that any change in the title to the property should avoid it, was made void by the absolute deed of the assured, though he took back a bond to reconvey which was not recorded. *Tomlinson* v. *Monmouth Ins. Co.* 47 Maine, 232.                                      *Exceptions sustained.*