CHARLES T. OAKES *vs.* MANUFACTURERS' FIRE & MARINE INSURANCE COMPANY.

Suffolk.  Nov. 9, 1880. — April 11, 1881.  LORD, SOULE & FIELD, JJ., absent.

A conveyance of insured premises by a husband, by warranty deed, to a person who, at the same time and as part of the same transaction, conveys the premises to the grantor's wife, avoids a policy of insurance containing a provision that it shall become void if the insured premises are "sold or conveyed in whole or in part," although the husband retains an interest in the land as tenant by the curtesy.

CONTRACT upon a policy of insurance against fire.  Trial in the Superior Court, before *Bacon*, J., who ruled that the plaintiff was entitled to recover, and directed a verdict accordingly. The defendant alleged exceptions, which appear in the opinion.

*A. S. Wheeler & E. W. Hutchins*, for the defendant.

*J. F. Andrew*, for the plaintiff.

COLT, J.  The plaintiff seeks to recover upon a fire insurance policy containing a provision that it shall become void if the insured premises are "sold or conveyed in whole or in part."  The plaintiff conveyed the whole by warranty deed, with release of dower, to one Davis, who, at the same time and as part of the same transaction, conveyed it to the plaintiff's

wife. And the question is whether the policy was thereby avoided.

It is contended that the plaintiff was at no time divested of his insurable interest in the whole property, because Davis had only an instantaneous seisin, and, after the conveyances, the plaintiff, being tenant by the curtesy, remained the owner of a freehold estate therein in right of his wife. *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535. But the fact that the plaintiff did not lose all his insurable interest is not decisive under this clause in the policy. Its plain purpose is, not merely to affirm the common law rule, that when the interest of the assured ceases, the policy fails, but to protect the company against any sale or conveyance which may diminish the motive of the insured to guard his own property from loss by the risk insured against. It provides against a sale or change of title in whole or in part. And any change which produces such diminution of interest, if it is effected by a conveyance of any part of the property, clearly is sufficient to defeat the insurance. The word "property" as used in this clause means the subject matter of insurance, or the thing insured, as distinguished from the policy-holder's insurable interest in it. The rules which govern the interpretation of all other contracts govern in the interpretation of contracts of insurance. The fair meaning of the language used, as applied to the subject matter, is to be ascertained. It is the right of the company to secure protection to itself by preserving the relations of the insured to the property covered during the life of the policy, and by preventing others from acquiring an insurable interest which would expose the company to the dangers of over insurance. To this end it may fairly stipulate that any change or alteration of title, "any sale or conveyance in whole or in part," shall terminate the risk.

There is a plain distinction between those clauses which prohibit an alienation of the insurable interest, and those which forbid any change of title or ownership. Thus, where the condition was that all alterations or alienations in the ownership should make the policy void, it was held that a mortgage, although not an alienation, was an alteration of ownership, changing it from a legal to an equitable title, and destroying

the insurance. *Edmands* v. *Mutual Ins. Co.* 1 Allen, 311. See also *Orrell* v. *Hampden Ins. Co.* 13 Gray, 431 ; *Loring* v. *Manufacturers' Ins. Co.* 8 Gray, 28 ; *Smith* v. *Union Ins. Co.* 120 Mass. 90.

In *Foote* v. *Hartford Ins. Co.* 119 Mass. 259, where the policy was made void if any change should take place in the title or possession of the property, "whether by sale, transfer or conveyance, legal process or judicial decree," it was held that a conveyance by the assured, although he took back a bond for a deed, destroyed his insurance, because it was a change of title. And, under a similar clause in *Savage* v. *Howard Ins. Co.* 52 N. Y. 502, where, notwithstanding the conveyance, the plaintiff retained an insurable interest, it was held that the policy was void, because there had been an alteration or change of title. So in *Abbott* v. *Hampden Ins. Co.* 30 Maine, 414, a mortgage was held to be a violation of a provision against a sale or alienation " in whole or in part," and it was declared that any disposition of the subject matter of insurance, such that any property therein passes to another, amounts to an alienation of the property in part.

In the present case, the conveyances by which the title passed from the plaintiff to his wife were, in the most favorable light, equivalent to an absolute conveyance of the whole estate reserving only a life estate. It was, within the meaning of the policy, a conveyance of a part of the property insured, and gave to the wife a reversionary interest which was insurable in her name.                                     *Exceptions sustained.*