JOHN W. BRYAN *vs.* TRADERS' INSURANCE COMPANY OF CHICAGO.

Suffolk.   Nov. 11, 1887. — Jan. 2, 1888.   DEVENS & W. ALLEN, JJ., absent.

A policy of insurance, in the form prescribed by the Pub. Sts. c. 119, § 139, against loss by fire, upon a house, provided that it should be void if the property should be " sold."   During the term of the policy the assured conveyed the property to A. by a deed, absolute in form and duly recorded.   On the same day A. executed to the assured a bond to reconvey the property, on the assured indemnifying A. against loss on account of his becoming a surety on a recognizance in a criminal prosecution.   This bond was not recorded, and the company issuing the policy had no knowledge of it.   Subsequently, A., with the knowledge of the assured, and for his benefit, mortgaged the property insured to C. by an instrument not under seal.   After a loss by fire occurred, the mortgage was discharged, and the property was conveyed by A. to the assured, the condition named in the bond having been performed.   *Held*, that the property had not been " sold " by the assured, and that he could maintain an action on the policy.

CONTRACT upon a policy of insurance, in the form prescribed by the Pub. Sts. *c.* 119, § 139, against loss by fire, on a building in Brockton.   Trial in the Superior Court, before *Knowlton*, J., who ordered a verdict for the plaintiff, and reported the case for the determination of this court.   The facts appear in the opinion.

*J. A. Maxwell*, for the defendant.
*J. Bennett & E. O. Cooke*, for the plaintiff.

MORTON, C. J.   The policy in suit is of the standard form provided by our statute, and contains the provision that the policy shall be void if, without the written assent of the company,

"the said property shall be sold." After the policy was issued, the plaintiff, who is the assured, conveyed the building insured to one Mary Madigan, by a deed absolute in form, which was duly recorded. At the same time, and as a part of the same transaction, Madigan executed to the assured a bond, upon the condition that she would reconvey the property to him upon his indemnifying her against any damage by reason of her having become his surety in a recognizance in a criminal suit. This bond was never recorded. Afterwards, Madigan, with the knowledge and for the benefit of the plaintiff, mortgaged the premises to one Gallagher for the sum of $3000, which mortgage was recorded, but there was no seal to it, and nothing was paid upon it. After the loss, the mortgage was discharged, and Madigan reconveyed the premises to the plaintiff, the condition of her bond having been performed.

It is clear that, as between the parties, the transaction between the plaintiff and Madigan constituted a mortgage. Its purpose was not to convey an absolute estate, but to give security for the performance of a duty by the plaintiff. It has been repeatedly held that such a transaction is a mortgage, although the bond to reconvey is not recorded. *Murphy* v. *Calley*, 1 Allen, 107. *Foote* v. *Hartford Ins. Co.* 119 Mass. 259. *Walsh* v. *Philadelphia Fire Association*, 127 Mass. 383. The last cited case is singularly like the case at bar upon this point, and it was held that, although the plaintiff had given a deed of the premises insured absolute in form, taking back a defeasance which was never recorded, he was only a mortgagor and still had an insurable interest.

The defendant contends that although this transaction was a mortgage as between the parties, yet as to the defendant it is to be treated as in all respects an absolute conveyance. He relies upon the provision of the statute that " when a deed purports to contain an absolute conveyance of real estate, but is made defeasible by a deed, bond, or other instrument, the original deed shall not be thereby affected, as against any person other than the maker of the instrument of defeasance and his heirs and devisees and persons having actual notice of it, unless such instrument is recorded in the registry of deeds for the county or district in which the real estate to which it relates is situated." Pub. Sts. *c.* 120, § 23.

The purpose of requiring the instrument of defeasance to be recorded is to give notice to purchasers, attaching creditors, and others who may become interested in the estate, and may rely upon the apparently absolute deed, and thus be misled by the record, if the defeasance is not recorded. *Bayley* v. *Bailey*, 5 Gray, 505. *Pratt* v. *Harlow*, 16 Gray, 379.

Looking at the object of the statute and the mischief intended to be guarded against, we are of opinion that it does not apply to a case like this, where the defendant makes no claim to the property, and could not in any way have been misled by the failure to record the defeasance.

The defendant relies upon *Foote* v. *Hartford Ins. Co.* 119 Mass. 259. Some of the expressions in the opinion support his claim, but they were not necessary to the decision, which may be supported upon the ground that, under the peculiar terms of the policy in that case, providing that it should be void if any change took place in the title or possession of the property, a mortgage would avoid the policy. The question before us was not involved in that case; but in a later case, where the question was involved, it was held that a person who had given an absolute deed, taking back an instrument of defeasance which was never recorded, was a mortgagor, and, as against the insurance company, had an insurable interest. The opinion, written by the same justice, states that "the rights of the parties under this contract of insurance are to be settled according to the relations which were in fact created between the parties to those conveyances, although the defeasances were never recorded. It is not a question between the plaintiff and attaching creditors and purchasers without notice." *Walsh* v. *Philadelphia Fire Association, ubi supra.* We do not consider that the attempted mortgage from Madigan to Gallagher is of any importance. Having no seal, it was inoperative, and does not affect the rights of the parties. *Springfield Savings Bank* v. *Springfield Congregational Society*, 127 Mass. 516.

We are then to regard the plaintiff as in the position of one who, after a policy is issued to him, mortgages the property insured, and the remaining question is whether such mortgage avoids the policy under the provision that it shall be void "if the said property shall be sold" without the written assent of

the company. We do not understand the defendant to contend that this would be the effect of a mortgage, and it is clear that such would not be the effect. After the mortgage the plaintiff retained an insurable interest to the same extent as before. He was interested to the amount of the whole value of the premises, and would bear all the loss in case of fire.

It has been repeatedly held in this and in other jurisdictions, that, where a policy contains a condition that it shall be void upon an alienation by sale or otherwise, a mortgage does not avoid the policy. *Judge* v. *Connecticut Ins. Co.* 132 Mass. 521, and cases cited. Alienation is a broader term than sale. A mortgage is not a sale, and it cannot fairly be contended that the policy in suit was avoided by the mortgage made by the plaintiff.                                      *Verdict to stand.*