BARNEY CLINTON *vs.* NORFOLK MUTUAL FIRE INSURANCE COMPANY.

Norfolk.    January 23, 1900. — September 4, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Validity of Fire Insurance Policy as to Life Interest remaining after a Sale of the Fee — Breach of Condition — Alienation — Action.*

A sale and conveyance of real estate " reserving, however, to myself during my life, the dwelling-house on said parcel, together with one acre of land surrounding said dwelling-house, but not including in said acre the land on which the barn

---

stands," is not a breach of the condition of a policy of insurance against loss by fire, which contains clauses which provide that it shall be void if, without the consent of the defendant, "the situation, or circumstances affecting the risk, shall, by or with the knowledge, advice, agency, or consent of the insured, be so altered as to cause an increase of such risks," or "the said property shall be sold"; and the policy is valid as to the interest remaining in the insured at the time of the loss.

CONTRACT, upon a policy of insurance. Writ dated February 10, 1897. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

On and before January 1, 1894, the plaintiff was the owner in fee of a certain parcel of real estate, consisting of land containing thirty-one acres and four rods, with a dwelling-house and barn thereon, in Canton. On said January 1, he made written application for, and the defendant company issued to him, a policy, whereby it insured the dwelling-house and barn against loss by fire in the sum of $1,200, apportioned as follows: $800 on the house and $400 on the barn. The policy provided that it should be void if, without the consent of the defendant, "the situation, or circumstances affecting the risk, shall, by or with the knowledge, advice, agency, or consent of the insured, be so altered as to cause an increase of such risks," or "the said property shall be sold." On June 24, 1896, the plaintiff, who was seventy-six years of age, conveyed said real estate to one Forbes, by deed, "reserving, however, to myself during my life, the dwelling-house on said parcel, together with one acre of land surrounding said dwelling-house, but not including in said acre the land on which the barn stands." No notice was given to the defendant company of this transfer, and the company had no knowledge thereof until after the loss hereinafter described, and never assented to the transfer. The barn referred to in the deed is the barn insured by the policy, and, at its nearest point, is about fifty feet from the dwelling-house. On August 28, 1896, the dwelling-house, while occupied by the plaintiff as a life tenant, by virtue of the reservation in the deed, was totally destroyed by fire, and due notice of the loss was given to the defendant. The value of the life interest of the plaintiff in the dwelling-house at the time of the loss was $148.80. If the plaintiff was entitled to recover to the extent of his ownership and interest

in the dwelling-house at the date of issuing the policy, judgment was to be entered for him in the sum of $800.

*T. E. Grover*, for the plaintiff.

*Asa P. French*, for the defendant.

HAMMOND, J.   By his deed to Forbes the plaintiff conveyed all his interest in the buildings insured except an estate for his life in the house.   This life estate was carved out of the fee previously owned by him, and was held by the same title as before the conveyance.   He sold his entire interest in the barn, but only part of his interest in the house.   The only question is whether the policy was thereby avoided as to his remaining interest in the house.

The defendant contends that the policy is thus avoided, and relies upon the clauses which provide that it shall be void if, without the consent of the defendant, " the situation, or circumstances affecting the risk, shall, by or with the knowledge, advice, agency, or consent of the insured, be so altered as to cause an increase of such risks," or " the said property shall be sold."

So far as respects the change of circumstances or situation, nothing appears except the deed to Forbes.   The burden of proof to show a breach of condition of a policy which has once attached is on the defendant, *Orrell* v. *Hampden Ins. Co.* 13 Gray, 431; and even if the clause has reference to what are sometimes called the moral elements of the risk, we cannot say, upon the facts appearing before us, that the risk was increased by the sale, or that the clause was intended to embrace the changes made by a sale, especially when there is an express provision in the policy relating to that subject.   *Powers* v. *Guardian Ins. Co.* 136 Mass. 108.   Compare also *Oakes* v. *Manufacturers' Ins. Co.* 131 Mass. 164.

The defence must, therefore, rest upon the clause as to alienation.   Many of the earlier policies of fire insurance contained no condition against alienation.   Inasmuch, however, as the contract of insurance is one of indemnity and not a wager, it is manifest that where, before the fire, the insured had parted with his entire interest in the property insured, he suffered no loss by its destruction and needed no indemnity.   A total transfer of his interest, therefore, defeated the policy.   But any change short of a complete transfer of his entire interest did not have that

effect.  The general rule was and is that, in the absence of any provision to the contrary in the policy, any change in the insurable interest of the insured, whether by a complete sale of only a part of the property, or a change in the title to a part or the whole of the property, does not avoid the policy which has once attached, provided that at the time of the loss the insured has an insurable interest.  It is necessary that there should be an insurable interest at the time of the contract and at the time of the loss, but if at the time of the loss the insured has parted with only a part of his interest, the policy is valid as to the part retained.  *Lazarus* v. *Commonwealth Ins. Co.* 5 Pick. 76.  *Scanlon* v. *Union Ins. Co.* 4 Biss. 511.  *Cowan* v. *Iowa State Ins. Co.* 40 Iowa, 551.  *Stetson* v. *Massachusetts Ins. Co.* 4 Mass. 330.  *Ayres* v. *Hartford Ins. Co.* 17 Iowa, 176.  *Hitchcock* v. *Northwestern Ins. Co.* 26 N. Y. 68.  And see further the cases cited in 13 Am. & Eng. Encyc. of Law, (2d ed.) 240, and notes.  And even a total alienation does not avoid, but only suspends the policy, so that if the insured regains his interest or any part of it, and holds it at the time of the loss, he may recover.  May, Ins. § 101.  *Worthington* v. *Bearse*, 12 Allen, 382.

In this state of the law insurers began to insert in the policies clauses relating to alienation.  These clauses vary in language, and in the examination of the cases on this subject considerable care must be exercised in order to discriminate properly between those cases applicable and those not applicable to the clause which may be under consideration.

The clause in this policy is if " the said property shall be sold."  Conditions of this kind are strictly construed against the insurer, and the general rule is that such a condition refers only to an absolute transfer of the entire interest of the insured, completely divesting him of his insurable interest.  Any sale or transfer short of this is not within the scope of the condition.  See, in addition to the cases above cited, *Bryan* v. *Traders' Ins. Co.* 145 Mass. 389; *Holbrook* v. *American Ins. Co.* 1 Curtis C. C. 193 ; *Power* v. *Ocean Ins. Co.* 19 La. 28; and the cases collected in 13 Am. & Eng. Encyc. of Law, (2d ed.) 241, and notes.

If it be the intention of the insurers that the contract should be avoided by any partial sale, or by any change short of an absolute sale of the entire interest, there is no difficulty in

expressing that intent in plain and explicit language, and in many policies such an intention is thus expressed. See *Oakes* v. *Manufacturers' Ins. Co.*, *ubi supra*, where the condition was that the policy should be void if the property insured should be sold or conveyed in whole or in part.

As an illustration of the different results arising from the difference in the language of the clauses as to alienation compare the case of *Foote* v. *Hartford Ins. Co.* 119 Mass. 259, and *Bryan* v. *Traders' Ins. Co.*, *ubi supra*. In the former case, where the condition was that the policy should be void if any change should take place in the title or possession of the property insured, whether by sale, transfer, or conveyance, legal process or judicial decree, it was held that a mortgage by way of an absolute deed and an unrecorded instrument of defeasance back was a violation of the condition, while in the latter case it was held that such a mortgage did not avoid the policy where the condition was that the policy should be avoided if " the said property shall be sold."

If, therefore, the house had been the only building named in the policy, or if the policy can be regarded as containing two separate and independent contracts, one applicable to the house alone, and one applicable to the barn alone, there was no breach of the condition of alienation so far as respects the house, and the policy was valid as to the life estate of the plaintiff therein at the time of the loss. *Clark* v. *New England Ins. Co.* 6 Cush. 342.

But it is contended by the defendant that the contract was entire, and that being void as to the barn it is void as to the house. And the counsel for the defendant argues that, in so far as the case of *Clark* v. *New England Ins. Co.*, *ubi supra*, seems to support the doctrine that where the different articles are separately valued in a policy it is to be regarded as containing a separate, distinct, and independent contract as to each such article, as though each was insured in a separate policy, it is inconsistent with *Brown* v. *People's Ins. Co.* 11 Cush. 280, and *Thomas* v. *Commercial Union Assurance Co.* 162 Mass. 29, and other similar cases decided here and elsewhere. We have not found it necessary, however, to consider whether or not the contract in this case is an entire contract, since we are of the

opinion that, even if it be entire, there has been no breach of the condition. If the contract was entire, then the house and barn were insured as one entire risk, and the same considerations which lead to the conclusion that where the house is the only building insured there is no sale within the condition named in the policy, when the insured retains an insurable interest in the house, leads also to the conclusion that where the house and barn are insured as one entire risk there is no sale of the property within the condition when the insured retains an insurable interest in either building. In either case there has not been an absolute sale of the entire interest in the whole property, and consequently no breach of the condition. And the reason the plaintiff cannot recover for the destruction of the barn is not because there has been a breach of the condition as to alienation, and the policy has therefore become void, but because he had no insurable interest in the barn when it was burned, and has therefore suffered no loss by its destruction. The result would be the same even if there was no condition whatever as to alienation, or if the plaintiff had lost his interest in some way not covered by the condition.

It is true that often the condition in a policy covering several buildings which is regarded as an entire contract is broken when trouble arises as to one building alone, or even a part of one. In *Thomas* v. *Commercial Assurance Co.*, *ubi supra*, for instance, it was held that a misdescription as to one of the buildings covered by one entire contract was a misdescription of the property insured, and the policy was held void as to all the buildings. Of course the description of the whole property covered by the risk could not be correct, so long as it was incorrect as to any particular building; and the principle of this decision is of very general application in the law of insurance, whether the policy be avoided for a breach of a condition or for fraud, or other cause applicable to contracts in general. *Brown* v. *People's Ins. Co.*, *ubi supra*.

On the other hand, in *McQueeny* v. *Phœnix Ins. Co.* 52 Ark. 257, where the policy covered two buildings, and contained a provision that it should be void if the premises should become vacant or unoccupied, and it appeared that at the time of the fire one of the buildings only was occupied, it was held that the

contract and risk were entire, and therefore the premises could not be regarded as unoccupied so long as one of the buildings was occupied, and there was no reason why the plaintiff should not recover for the loss of both.

These two classes of decisions are perfectly consistent with each other. The last case somewhat resembles in principle the case at bar. Since in this case there has been no breach of the condition of the policy, the plaintiff may recover the value of his life interest at the time of his loss, which by the agreement of the parties was $148.80, with interest from the date of the writ.          *Judgment for the plaintiff accordingly.*