GEORGE R. KING v. HARTFORD FIRE INSURANCE COMPANY.
SAME v. SPRINGFIELD FIRE & MARINE INSURANCE
COMPANY.[1]

June 23, 1916.

Nos. 19,738, 19,739—(133, 134).

**Fire insurance — chattel mortgage not an assignment.**

A policy of fire insurance provided that it should become void if the property insured was "assigned" without the permission of the insurer, and further that any change material to the risk should avoid the policy, unless the company was promptly notified thereof. The insured gave a bill of sale of the insured property as security for an indebtedness, retaining possession. It is *held*:

(1) The insured property was not "assigned" in violation of the provision of the policy by giving the bill of sale, which was in legal effect a chattel mortgage.

(2) Whether there was a change material to the risk was a question for the jury, and its finding thereon is sustained by the evidence.

Two actions in the district court for St. Louis county, to recover upon policies of fire insurance. The answers alleged that the policies became void by reason of a sale of the property insured, without the knowledge or consent of defendants. The reply specifically denied the sale and conveyance of the property, alleged that transaction in question was a mortgage to secure payment of plaintiff's indebtedness and did not increase the risk. The case was tried before Dancer, J., and a jury which returned verdicts for the amounts demanded. From orders denying their motions for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Spencer & Spencer,* for appellants.
*Fryberger, Fulton & Spear,* for respondent.

BUNN, J.

These actions were tried together in the court below and argued as one

[1] Reported in 158 N. W. 435.

case in this court. They were brought to recover on fire insurance policies issued by the respective defendants on the tug Osprey, owned by plaintiff. The trial resulted in a verdict for the amount of the policy and interest against each defendant, and each appealed to this court from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The facts are not in dispute, and are as follows: On February 5, 1915, plaintiff was the owner of the steam tug Osprey, then lying in a slip in the harbor of Duluth. He applied to Duluth inusurance brokers for $10,000 insurance on the tug. The brokers placed the order for insurance with a firm in Toronto, Canada, who secured a policy for $5,000 from each of the defendant companies. The policies were "dated at Toronto, Feb. 5, 1915," and insured the tug against loss or damage by fire for the term of one year. Each provided that it should not be valid, unless countersigned by the duly authorized agent of the insurer at Toronto, and each was so countersigned. The policies were in the Ontario standard form. Each contained the following conditions:

"Any change material to the risk and within the control or knowledge of the assured shall avoid the policy as to the part affected thereby, unless the change is promptly notified in writing to the company or its local agent."

"If the property insured is assigned without a writen permission indorsed hereon by an agent of the company duly authorized for such purpose, the policy shall thereby become void, but this condition does not apply to change of title by succession, or by operation of the law, or by reason of death."

On March 9, 1915, without the consent of or notice to the insurers, plaintiff executed and delivered to F. K. Randall a bill of sale of the tug; this bill of sale was absolute on its face, and was duly recorded in the office of the collector of customs at Duluth. The tug remained in plaintiff's possession. The insurers did not know that a bill of sale of the tug had been given until after the tug was destroyed by fire, on April 13, 1915.

The answers of defendants set up the sale of the tug without their consent or knowledge, alleging that such sale and transfer were in violation of the conditions above set out. The reply alleged that the bill of sale was given as collateral security only, and that the risk was not materially

increased thereby. The only issues on the trial related to this bill of sale, as to whether it constituted an "assignment" of the insured property, and whether it constituted a "change material to the risk." The evidence, admitted over defendants' objection, showed without contradiction that the bill of sale was given only as collateral security for an indebtedness of plaintiff to the City National Bank of Duluth, Randall, who was an employee of the bank, acting as trustee. The court instructed the jury that the bill of sale was in legal effect a chattel mortgage only, and did not constitute an assignment of the property in violation of the conditions of the policy. The question of increase of risk was submitted to the jury under proper instructions, and was necessarily determined by the verdicts against the defendants.

The assignments of error are directed to various rulings of the trial court, but really present but two questions, which may be thus stated: (1) Was the insured property "assigned" by the giving of the bill of sale? (2) Was there a material increase of risk, as a matter of law, and is the verdict that there was not sustained by the evidence?

1. There can be no doubt that it was permissible to prove by parol that the bill of sale was a chattel mortgage, and that the evidence conclusively so proves. The question is then, was the tug "assigned," within the meaning of the condition of the policy, when the owner gave to a creditor a chattel mortgage thereon? Plaintiff contends that these are Ontario contracts; defendants, that the law of Minnesota governs. The policies were in the Ontario standard form, were so labeled, and were dated and countersigned at Toronto. But we need not decide what law governs, further than to remark that defendants should not complain if we follow the decisions of the Canadian courts hereinafter referred to, finding nothing conflicting with them in the decisions in this state or in this country.

Defendants rely strongly upon the definition of the words "assignment" and "assign" as given in dictionaries and in decided cases, asserting that an "assignment" of property is a transfer by one person to another of the whole of any property, *or of any estate or right therein.* The argument is that a chattel mortgage, as between the parties, passes not only an estate or right in the property to the mortgagee, but the legal title, leaving only a right of redemption in the mortgagor. This is all true, but it does not determine that the parties to the contracts involved in the cases at bar

intended by the language used to provide that the giving of a chattel mortgage on the insured property avoided the policies. Nothwithstanding the chattel mortgage, plaintiff still had possession of the insured property and an interest therein to protect by insurance; he still had an insurable interest. The cases hold quite generally that what such a provision as the one under discussion is intended to provide against, is a transfer or assignment of the insured's entire interest in the property, so that he does not retain an insurable interest and that a chattel mortgage is not such a transfer or assignment. The Canadian cases interpreting the identical provision, which is a part of the form required by the Canadian law, are uniformly to the above effect. Sands v. Standard Ins. Co. 26 Grant Ch. 113, 27 Grant Ch. 167; McQueen v. Phoenix Mut. Fire Ins. Co. 4 Canada Sup. Ct. 660; Wade v. Rochester German Fire Ins. Co. 23 Ontario Law, 636; Pritchard v. Merchants Marine Ins. Co. 26 N. B. 232. The American cases, while not so directly in point, because not involving a construction of the precise language used in the Canadian form, are not in conflict, but on the contrary are in accord, generally speaking, on the proposition that giving a chattel mortgage does not divest the insured of all insurable interest in the property, and is not an "assignment" of the property within the meaning of conditions providing for forfeiture, if the interest of the insured be "assigned" without the consent of the insurer. Holbrook v. American Ins. Co. 12 Fed. Cas. 319, 1 Curtis, 193; Hitchcock v. North Western Ins. Co. 26 N. Y. 68; Griffey v. New York Cent. Ins. Co. 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202; Bryan v. Traders Ins. Co. 145 Mass. 389, 14 N. E. 454; Loy v. Home Ins. Co. 24 Minn. 315, 31 Am. Rep. 346. Many other cases might be cited to the same purport, but it is not necessary. The authorities relied on by defendant do not hold the contrary; they are cases either where there was an absolute transfer by the insured of his entire interest, or where the policy contained an express provision against mortgaging the property.

We hold that, by giving this chattel mortgage, the insured property was not "assigned" within the meaning of that word as used in the policies sued upon.

2. We are unable to hold that, as a matter of law, the risk was materially increased by giving the bill of sale, or chattel mortgage, or that

the finding of the jury on this question is not supported by the evidence. Increase of risk is always a question for the jury, unless in a particular case the evidence is so conclusive that reasonable minds cannot differ.

The question was for the jury in the case at bar and its decision must stand.

We find no other points that require mention. The order in each case is affirmed.