Aguiar, J.
This appeal raises the issue of whether a trial judge was correct in allowing defendant’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment. We find no error in the Court’s ruling.
Plaintiffs claim that damage occurred to their property that was covered by an insurance policy issued by defendant. Plaintiffs claim that defendant failed to make an adequate settlement for the damage, and furthermore, that defendant delayed payment of settlement for such a period of time that plaintiffs suffered consequential damages as a result of the delay. The plaintiffs are claiming to be aggrieved by the Court’s grant of summary judgment in favor of the defendant, insofar as plaintiffs claim that defendant has not proven that plaintiffs cannot support their case and therefore judgment should not be allowed in their favor as a matter of law.
Defendanf s answer is that it fulfilled all of the requirements of the insurance policy, that the insured released themfrom all liability under the policy, that it did not act with ill will, and that plaintiff trust is not a proper party because it was not an insured under the policy at the time the damage occurred and had no insurable interest in the property on the date of loss.
Evidence and agreed upon facts show that a heating system froze in the property owned by Anna Kehoe on the date of loss, February 21,1987, that the property was transferred to John F. Kehoe on October 6,1987 and subsequently transferred to the East Broadway Condominium Trust, John F. Kehoe, Trustee, and insured by the defendant. As a result, extensive damage was caused to the property. After investigation and communication with plaintiffs, defendant tendered payment to plaintiffs in late August, 1987. In order to receive payment, defendant required that the insured sign a Statement of Proof of Loss and a Statement as to Full Cost of Repair or Replacement, which defendant claims indicates plaintiffs’ acceptance of settlement in full of their loss. Plaintiffs claim that they signed it under the financial duress created by defendant, it is therefore invalid, and it does not address plaintiffs’ claim of dilatory settlement practices.
The party moving for summary judgment must show that his opponent has no reasonable expectation of proving an element of the case. Then the duty is on the non-moving party to allege specific acts which establish the existence of a genuine triable issue of material fact in order to defeat the motion for summary judgment. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711, 716 575 N.E. 2d 734 (1991).
The alleged dilatory actions were not supported by the evidence presented to the motion judge. The insurance company has a right to investigate. Ben Elfman & Sons *26 Inc. v. Home Indemnity Company, 411 Mass. 13, 20 (1991) 298 Mass. 487, 489 (1937).
The loss occurred on February 21, 1987. A one page estimate of the loss was submitted to the insurance company on March 3, 1987. There was a meeting on March 12,1987 with a request for additional information and a request that the boiler be tested. Plaintiff did not respond until April 12,1987 when the plaintiff requested a $7500 advance which the insurance company granted. On June 3.1987 the plaintiff submitted a detailed estimate of the loss. On June 23,1987 there was a request for a meeting to go over the estimates. Plaintiff did not reply to the request for a meeting until August 12,1987when there was a meeting of the parties. On August 26,1987 the Statement of Proof of Loss and a Statement as to Full Cost of Repair or Replacement was submitted to the insurance company and the amount was paid the same day. At that point in time the plaintiff had not offered any estimates of alleged additional losses. If there was any delay it was caused by the plaintiff.
The Court’s Award of Summary Judgment to St. Paul against plaintiff trust was correct as a matter of law because it failed to establish by affidavit or otherwise, that it held any insurable interest in the property at risk. Clinton v. Norfolk Mutual Fire Insurance Company, 176 Mass. 486, 489 (1900).
The trust has nothing to do with this case. It did not exist at the time of the loss. Anna M. Kehoe was the owner of the property. The trust did not obtain any interest in the property at issue until at least eight months after the loss in question and more than one month after the claim was paid. The trust has failed to establish by affidavit or otherwise, any duty owed to it by St. Paul. The trust has not set forth, by affidavit or otherwise, specific facts showing any unfair or deceptive acts or practices by which it was harmed. The Court was correct as a matter oí law in awarding summary judgment to St. Paul against East Broadway Condominium Trust.
The Motion Judge was correct as a matter of law in awarding summary judgment to St. Paul as against Anna M. Kehoe on the contract and negligence counts, Counts I, II, and HI, because St. Paul paid the full amount of the loss claimed by Anna M. Kehoe in documents submitted by her to St. Paul.
A proof of loss was submitted by John F. Kehoe on behalf of Anna M. Kehoe on August 26,1987, setting forth the whole loss and damage to the property. In addition, on the same date, John F. Kehoe, on behalf of Anna M. Kehoe, executed a Statement as to the Full Cost of Repair or Replacement of the property. St. Paul issued a check in the amount claimed on the proof of loss to Anna M. Kehoe on the same date. Plaintiffs’ argue that the Proof of Loss and the Statement as the Full Cost of Repair or Replacement were allegedly signed under duress. Ann M. Kehoe was represented throughout the loss by her son, John F. Kehoe, as her agent. Mr. Kehoe is a lawyer with over 25 years experience. Mr. Kehoe was aware that his mother was entitled to full replacement coverage under the policy if she were to complete all repairs within 180 days after the loss. He acknowledged that he made no further claim pursuant to that policy provision. There are no facts from which the Court can find that the above documents were signed under duress. The affidavit by John F. Kehoe that he, John F. Kehoe signed the documents at issue because his mother was under duress, is a conclusionary statement, based on hearsay and does not satisfy the requirement that an affidavit attesting to the existence of an issue of material fact must be based on personal knowledge and not hearsay.
The Court was correct as a matter of law in awarding summary judgment to St. Paul against Anna M. Kehoe on Count IV (M.G.L.c. 93A count) of the complaint as the plaintiffs failed to identify by affidavit or otherwise, any unfair or deceptive act or practice committed by the defendant.
On August 26,1987, the insured, through her son, Attorney John Kehoe, submitted both a sworn statement in proof of loss and a statement as to the full cost of repair or replacement which indicated that the actual cash value of the loss claimed was $15,474. On the same day, St. Paul paid that amount, less the deductible, to Anna M. *27 Kehoe.
The affidavit of John F. Kehoe, upon which the suggestion of duress is based does not satisfy the requirements of Dist./Mun. Cts. R Civ. P., Rule 56(e). It does not indicate that it is made on the personal knowledge of the affiant, does not setforth facts which would be admissible in evidence, nor does it show affirmatively that the affiant is competent to testify to the matters stated therein. As such it does not create facts for consideration by the Court. The plaintiff failed to establish, by affidavit or otherwise, any fact in support of its allegation that St. Paul’s actions constituted an unfair or deceptive act or practice; therefore the Court’s action in awarding summary judgment to St. Paul under Court IV was correct as a matter of law.
The report is hereby dismissed and the actions of the Court in awarding Summary Judgment to St. Paul Insurance Company against all of the plaintiffs is affirmed.