MARY DAILEY, administratrix, *vs.* WESTCHESTER FIRE
INSURANCE COMPANY.

Suffolk.   Nov. 13, 1880. — April 11, 1881.   LORD, SOULE & FIELD, JJ.,
absent.

If a policy of insurance against fire, payable in case of loss to a mortgagee of
the premises insured, provides that it shall become void if the property insured
shall "be sold," a conveyance by the heirs of the assured, after his death, to
the mortgagee, by a deed absolute in form and containing no mention of the
mortgage and no declaration of trust in favor of the grantors, avoids the policy;
and the fact that the grantee, when he took the deed, orally agreed to sell the
estate in a few months and account to the grantors for the proceeds after pay-
ing his mortgage, does not show an intention to charge the estate with a trust,
or operate to prevent the whole title from vesting in him.

CONTRACT upon a policy of insurance against fire, issued by
the defendant to John Dailey, the plaintiff's intestate, for the
term of one year from June 10, 1876, upon certain premises in
West Quincy.   Trial in the Superior Court, without a jury,
before *Bacon,* J., who ruled that the action could not be main-
tained, and found for the defendant; and the plaintiff alleged
exceptions.   The facts appear in the opinion.

*C. F. Donnelly,* for the plaintiff.

*A. Russ,* for the defendant.

COLT, J.   This policy of fire insurance contained a clause
which provided that it should become void " if the property "
insured " should be sold."   When John Dailey, the plaintiff's
intestate, procured the insurance, the premises were subject to
a mortgage to John Lyons, and the policy was on its face made
payable to him in case of loss as mortgagee.   After the death
of Dailey, the land and building insured were conveyed by his
heirs to Lyons, by a deed absolute in form and containing no
mention of his mortgage and no declaration of trust in favor
of the grantors.   There is nothing to control the effect of this
deed.   It does not appear that it was given in consequence of
fraud, or under any undue influence ; or without a sufficient con-
sideration ; or with the intention not to transfer what equity of
redemption the grantors had ; or to create a trust in their favor
in the land itself.   In the absence of fraud, such a conveyance
is effectual to transfer the mortgagor's right of redemption.

although as between mortgagor and mortgagee the transaction is suspiciously viewed in a court of equity. *Falis* v. *Conway Ins. Co.* 7 Allen, 46. *Trull* v. *Skinner*, 17 Pick. 213.

The testimony of Lyons to the effect that, when he took the deed, he agreed orally to sell the estate in the following May or June, and account to the heirs for the proceeds after paying his mortgage, does not show an intention to charge the estate with a trust, or operate to prevent the title of the whole, both legal and equitable, from vesting in him.

It follows that there was a sale of the property within the terms of the policy, which avoided the insurance.

*Exceptions overruled.*