MARTHA BROWN vs. COTTON AND WOOLEN MANUFACTURERS' MUTUAL INSURANCE COMPANY OF NEW ENGLAND.

Suffolk. March 8, 9, 1892. — June 23, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Sale of Insured Property — Breach of Condition.*

In order to constitute a breach of condition of a policy of insurance which provides that the policy shall be void in case of a sale of the property insured, it is immaterial whether the consideration of the conveyance is of substantial value or is merely the technical consideration which is said to be imported by the execution of a deed.

Even if a creditor has an insurable interest in the estate of his debtor when conveyed to an assignee in insolvency, yet an interest of that kind would not be a continuation of the former interest of the insured under a policy which provides that the policy shall be void in case of a sale of the property.

HOLMES, J. This is an action on a policy of insurance against fire, issued by the defendant, a Massachusetts company, in 1885; upon the plaintiff's woollen factory in Connecticut. So far as material, the policy was in the Massachusetts standard form, with a rider. Pub. Sts. c. 119, § 139. At the trial, the judge directed a verdict for the defendant, and reported the case to this court. When the policy was issued, the plaintiff had the legal title, probably as mortgagee in equity, by conveyance from her husband through a third person. We assume her title to have been sufficient without discussion. The defences relied on are, that before the fire she had broken the condition against sale, that she no longer had an insurable interest, and that she had broken the condition against the factory ceasing operation for more than thirty days. It also is set up that the plaintiff had not rendered a statement in writing setting forth the value of the property insured, etc., as required by the policy. The plaintiff replies to this last defence that it was waived, and we shall give it no consideration. For the purposes of our decision, we assume that, if it had stood alone, the plaintiff at least would have had a right to go to the jury.

The sale relied on was a conveyance by the plaintiff four

days before the fire to the trustee in insolvency of her husband's estate, by a deed which purported to be for valuable considerations, but for which the plaintiff testified that she received nothing. The plaintiff proved against her husband's estate, and her claim was allowed, but she received nothing upon it. It is argued that her position as a creditor preserved for her an insurable interest in the factory after the transfer, and that the conveyance was not a sale.

In the opinion of a majority of the court, the conveyance was a breach of condition. We are of opinion, in the first place, that it makes no difference whether the consideration of the conveyance is of substantial value, or is merely the technical consideration which is said to be imported by the execution of a deed. If the plaintiff's conveyance was in other respects a breach of the condition, the fact that she received nothing for it will not save it. *Essex Savings Bank* v. *Meriden Ins. Co.* 57 Conn. 335, 338.

But it is said that the plaintiff did not alienate her whole interest, because she retained an insurable interest after the transfer, as one of the creditors for whom her grantee held the property in trust. We will assume that it is true that a creditor has an insurable interest in the estate of his debtor when conveyed to an assignee in insolvency. *Eastern Railroad* v. *Relief Ins. Co.* 98 Mass. 420, 423. *Rohrbach* v. *Germania Ins. Co.* 62 N. Y. 47, 58. But we think that an interest of that kind would not be a continuation of the former interest of the plaintiff. By her conveyance the plaintiff parted with the whole legal title, and, as her grantee already owned her husband's equity, she extinguished her mortgage. In whatever words we express the fact, she put an end to her preferred right to satisfy her debt out of this land before other creditors could touch it. Her right afterwards was not created by or reserved or excepted out of her conveyance. It arose from the independent circumstances that her grantee was an assignee in insolvency, and that the land became part of the fund held by him as such. It was a right, in common with other creditors, to share in the fund, and in the land only in so far as it was part of the fund. We are of opinion that the condition against sale was broken. *Dadmun Manuf. Co.* v. *Worcester Ins. Co.* 11 Met. 429, 435. *Oakes*

v. *Manufacturers' Ins. Co.* 131 Mass. 164, 165.   *Dailey* v. *West-chester Ins. Co.* 131 Mass. 173.   *Grevemeyer* v. *Southern Ins. Co.* 62 Penn. St. 340, 342.   *Adams* v. *Rockingham Ins. Co.* 29 Maine, 292, 296, 297.   *Hazard* v. *Franklin Ins. Co.* 7 R. I. 429. See further *Young* v. *Eagle Ins. Co.* 14 Gray, 150, 152, 153.   We express no opinion whether there was a breach of the condition against the factory ceasing operation.

*Judgment on the verdict.*

*L. S. Dabney & E. M. Parker*, for the plaintiff.

*J. N. Marshall*, (*G. J. Burns* with him,) for the defendant.