THE SCANIA INSURANCE COMPANY v. JOHNSON.

1. INSURANCE.
Upon application and payment of the premium by Q., the owner of the property, the company insured the goods against loss or damage by fire. Attached to the policy was a provision: "Loss, if any, payable to Mrs. H. J., as her interest may appear;" Mrs. H. J. being a mortgagee. Contained in the policy were the usual provisions declaring the policy void if the risk be increased by any means within the control of the assured, or if any change takes place in the title or possession of the property by sale, legal process or any kind of conveyance, without the consent of the company indorsed on the policy. Before the loss Q. conveyed the property unconditionally to H. J., without the consent or knowledge of the company. *Held*, that the contract of insurance was one directly between the company and the mortgagor; that it was the mortgagor's and not the mortgagee's interest that was insured, and that the sale of the property, being in violation of the terms of the policy, invalidated it.

2. SAME—ARBITRATION.
A policy contained a provision that damage to property not totally destroyed might be appraised upon an agreement between the assured and the company. After loss, they entered into such agreement, submitted to arbitrators the determination of the amount of the loss, and the mortgagee of the injured property participated in the proceedings. *Held*, that the mortgagee was bound by the award until it is vacated for fraud or other sufficient reason.

*Error to the County Court of Arapahoe County.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. S. E. BROWNE, for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

On the 7th of March, 1892, the plaintiff in error, The Scania Insurance Company, insured for one year the furniture and household goods of Mrs. H. Quigley against loss or damage by fire, to the amount of $2,000. Mrs. Quigley was then the sole owner of the property, made the application

for insurance, and paid the premium. Attached to the policy was a provision : " Loss, if any, payable to Mrs. H. Johnson, as her interest may appear."

Contained in the policy were the usual provisions, declaring the policy void if the risk be increased by any means within the control of the assured, or if any change takes place in the title or possession of the property, whether by sale, legal process, or any kind of conveyance, without the consent of the company indorsed on the policy.

There was also a provision that damage to property not totally destroyed might be appraised upon an agreement between the assured and the company therefor.

On the 18th of April following the property was damaged, though not totally destroyed, by fire. Soon thereafter the plaintiff Mrs. Hannah Johnson, the person named in the policy to whom the loss was payable, brought this suit, claiming that her loss was $615.25. In the complaint it was alleged that at the date of the policy plaintiff had an insurable interest in the property described therein, as a mortgagee, but that at the time of the fire the plaintiff had become the owner, whether in satisfaction of the mortgage or by direct purchase under some other arrangement, is not shown. It nowhere appears in the pleadings, or the evidence, what was the amount of her interest, or what was the amount of the notes secured by the mortgage.

By separate defenses the company specially pleaded a breach of the conditions of the policy against a sale by the assured; and an award of the loss, under an arbitration, which was not set aside when this suit was brought.

The defenses being traversed, upon the issues thus joined there was a trial before a jury, which resulted in a verdict in favor of the plaintiff for the full amount claimed, and to the judgment entered on the verdict the defendant prosecutes its writ of error.

From the complaint and the evidence it appears that the assured sold absolutely and unconditionally conveyed the title to this insured property to the plaintiff Mrs. Johnson.

before the fire occurred and after the policy was issued, and that between these dates Mrs. Johnson, claiming to be the owner of the property, executed thereon two chattel mortgages, one dated April 12th to secure a note of $162, the other on April 16th to secure a note of $200, to which said sale and mortgages not only did the company not give its consent, but knew nothing thereof until after the fire occurred.

The theory of the plaintiff, which seems to have been adopted by the trial court, was that the words, "loss, if any, payable to Mrs. H. Johnson, as her interest may appear," constituted the contract of insurance one directly between the company and the mortgagee, by which her (the mortgagee's) separate interest in the property, and not that of the mortgagor, was insured. But this language has not such effect. It was the mortgagor's property and her interest therein which were insured, and the effect of the language quoted was merely an appointment of Mrs. Johnson to receive the amount of any loss that might occur. Any act of the mortgagor in violation of the terms of the policy against a sale thereof would defeat, not only the right of the mortgagor to a recovery, but also a recovery by the mortgagee. To this effect, see *German Ins. Co. v. Hayden*, 21 Colo. 127 ; *Fireman's Fund Ins. Co. v. Barker*, 6 Colo. App. 535 ; 2 Wood on Fire Insurance (2d ed.), sec. 370 ; 1 May on Insurance (3d ed.), sec. 264 ; 2 May on Insurance (3d ed.), sec. 452d ; Flanders on Fire Insurance (2d ed.), 488 ; *Cont. Ins. Co. v. Hulman & Cox*, 92 Ill. 145 ; *Bates v. Equitable Ins. Co.*, 10 Wall. 33 ; *Fogg v. Middlesex M. F. Ins. Co.*, 10 Cush. 337 ; *Savings Institution v. Ins. Co.*, 119 Mass. 240 ; *Dailey v. Ins. Co.*, 131 Mass. 173 ; *Van Buren v. Ins. Co.*, 28 Mich. 399 ; *Gillett v. Ins. Co.*, 73 Wis. 203 ; *Chandos v. Am. Fire Ins. Co.*, (Wis.) 54 N. W. Rep. 390.

This case is clearly distinguishable from that class of cases where the contract of insurance is held to be, by virtue of a so-called mortgage clause,—which, however, is absent from this policy,—an insurance of the interest of the mortgagee in the mortgaged property, as distinguished from the interest

of the mortgagor; in which cases the mortgagee's insurance may not be invalidated by some act of the mortgagor which violates the conditions of the contract. Such cases are the following: *Hartford Fire Ins. Co. v. Williams*, 63 Fed. Rep. 925; *Hastings v. Westchester Fire Ins. Co.*, 73 N. Y. 141; *Hartford Fire Ins. Co. v. Olcott*, 97 Ill. 439.

The sale of this property by the assured without the consent of the company was a violation of the conditions of the contract which, by an express provision, invalidated the policy. At the time of the fire the mortgagor had parted with all of her interest in the property, and had transferred the title. She, therefore, suffered no loss as the result of the fire, and as the mortgagor cannot recover, neither can the mortgagee. This fact, appearing upon the face of the complaint, made it the duty of the court to sustain the general demurrer interposed by the defendant, but which was improperly overruled. The same fact appearing in the evidence at the trial, the court should have directed a verdict for the defendant. See authorities cited, *supra*.

It also appears from the uncontradicted evidence that after the loss occurred the plaintiff, accompanied by Mrs. Quigley, went to the office of the defendant's adjuster, where, with the knowledge and approval of the plaintiff, the company and the assured entered into an agreement whereby the amount of the loss was to be fixed by arbitration, which award has not been set aside. In this agreement for arbitration, it was expressly provided that the company did not thereby waive any defense that it might have to a recovery by the assured; but expressly reserved to itself the right to interpose any defense that it might have in case of a suit upon the policy; the sole object of the agreement being to ascertain the amount of the loss.

Before the arbitrators the plaintiff acted in behalf of Mrs. Quigley, pointing out to the arbitrators the damaged property, and in other respects manifesting by her conduct not only her participation in the arbitration, but an approval of the same. The amount of the loss was thus fixed at $194,

and until properly vacated, this award limits the amount of a recovery, even if defendant is liable at all.

In *Chandos v. Am. Fire Ins. Co.*, *supra*, it was held that in a policy of the kind now under consideration, where the policy provided for an arbitration, the mortgagee was not entitled to notice of an arbitration entered into between the mortgagor and the insured, and was bound, without notice, by the result of such an arbitration. We do not, in this case, have to go to this extent; for where the mortgagee, as in this case, had notice and participated in the arbitration, or approved thereof, the authorities all hold that the mortgagee is bound until the award is vacated for fraud or other sufficient reason. 2 Wood on Fire Ins., sec. 370.

The other errors assigned and argued need not be noticed. The matters already considered necessitate a final disposition of the cause. The second proposition decided precludes a recovery upon the cause of action set out in the complaint; the first upon that as well as upon the award. The judgment is accordingly reversed and remanded with instructions to the county court to dismiss the action.

*Reversed.*