## BOSTON CO-OPERATIVE BANK *vs.* AMERICAN CENTRAL INSURANCE COMPANY.

Suffolk.    January 19, 1909. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance,* Fire, Construction of policy. *Mortgage.* Words, "Sale."

A policy of fire insurance issued to one who owned a building subject to a mortgage was payable to the "mortgagee as his interest may appear," and contained a condition that it should be void if, "without the assent in writing or in print of the company," the property should be sold. The mortgage contained a power authorizing the mortgagee to sell the property for a breach of the condition and to convey to the purchaser an absolute title in fee simple such that the mortgagor would be forever barred "from all right and interest in the granted premises, whether at law or in equity." Without the knowledge or consent of the insurance company, the mortgagee foreclosed the mortgage, sold the property under the power and became the purchaser at the sale. Subsequently the insured property was destroyed by fire. *Held,* that such foreclosure sale was a "sale" within the terms of the condition above quoted, and therefore that the policy became void upon such sale without the company's assent.

A sale of land and buildings under the power in a power of sale mortgage terminates the right of the mortgagee in the property as mortgagee, although he is himself the purchaser at the sale; and if thereafter the premises are destroyed by fire he cannot as mortgagee claim under a policy issued thereon before the sale and payable to the "mortgagee as his interest may appear."

CONTRACT upon a policy of fire insurance as stated in the opinion. Writ in the Superior Court for the county of Suffolk dated November 1, 1906.

The case was heard by *Pierce,* J., without a jury, upon an agreed statement of facts. He found for the defendant; and the plaintiff appealed. The facts are stated in the opinion.

*W. Soren,* for the plaintiff.

*F. W. Brown,* for the defendant, was not called upon.

KNOWLTON, C. J.   This action is upon a policy of fire insurance in the Massachusetts standard form, containing a condition that " this policy shall be void if, . . . without the assent in writing or in print of the company . . . the said property shall be sold," etc.   The policy was upon a building, and was issued to one Lane who then owned the property, subject to a mortgage to the plaintiff, and the policy was made payable to the plaintiff, " mortgagee, as its interest may appear."   The mortgage contained a power to sell the property for a breach of the condition, and to convey to the purchaser an absolute title in fee simple, such that the mortgagor would be forever barred " from all right and interest in the granted premises, whether at law or in equity."   Afterwards the plaintiff foreclosed the mortgage for a breach of the condition, and sold the property under the power, and became the purchaser at the sale.   This was done without the knowledge or consent of the defendant, and the plaintiff has since held the estate under the title acquired by the sale.*   The question is whether this was a sale within the meaning of the word as used in the policy.

We see no good reason for doubt in regard to it.   Coupled with the interest conveyed to the mortgagee was an independent power to make an absolute sale of the property, which should convey all the title, both of the mortgagor and the mortgagee. If any other person than the mortgagee had bought at the sale, there can be no question that the transfer would have given a perfect title.   The transaction is not changed in character or legal effect by the fact that the mortgagee became the purchaser.

Nor are the rights which the mortgagee would have had under the policy if the fire had occurred before the foreclosure of any consequence in the case.   These rights were terminated and the ownership entirely changed and a new title created by the exercise of the power of sale.   There was a sale of the property, within the meaning of the policy, without the consent of the defendant, and thereupon all rights under the policy came to an end.

*Judgment affirmed.*

---

\* The foreclosure sale was on December 4, 1905.   On May 10, 1906, the insured premises were destroyed by fire.