TRUSTEES OF THAYER ACADEMY *vs.* THE CORPORATION OF THE ROYAL EXCHANGE ASSURANCE OF LONDON.

Norfolk.   May 16, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, FIELD, & DONAHUE, JJ.

*Insurance,* Fire, Insurable interest. *Contract,* Construction. *Mortgage,* Of real estate: insurance of mortgagee's interest. *Evidence,* Of custom, Competency, Extrinsic affecting writing.

A policy of insurance, in the Massachusetts standard form, of certain real estate against loss by fire was payable in case of loss to a certain corporation, "Mortgagee, as interest may appear under the present or any future mortgage." The mortgagee foreclosed its mortgage and became the owner of the property by purchase at the foreclosure sale. The insurance company thereupon attached a rider to the policy stating that the mortgage had been foreclosed, and that the policy thereafter should attach in the name and for the benefit of the corporation, naming it. Seven months later the corporation sold and conveyed the property to one who gave back a mortgage to it, and another rider was attached, entitled "Transfer of Title," by which the corporation transferred, assigned and set over to the new grantee "all title and interest in the within Policy, and all advantages to be derived therefrom" and the insurance company assented thereto. At that time, an employee of an agent of the insurance company was told by the corporation's treasurer that it had taken back a mortgage, and four months later such employee was told orally by the treasurer of the corporation that it continued to hold its mortgage on the property. Thereafter, before further agreement with the insurance company, the property was destroyed by fire. The corporation brought an action of contract against the insurance company upon the original policy. Upon a report by a judge who heard the action without a jury and found for the defendant, it was *held,* that

(1) After the foreclosure sale the plaintiff no longer had an insurable interest as mortgagee, the ownership being entirely changed and a new title created by the exercise of the power of sale;

(2) The words in the policy as originally issued making it payable in case of loss to the plaintiff "Mortgagee, as interest may appear under the present or any future mortgage" did not cover the interest taken by the plaintiff when, seven months after it acquired title in fee, it sold the property and took back a mortgage from the purchaser;

(3) When the plaintiff sold the property and assigned to the purchaser "all title and interest in the within Policy, and all advantages to be derived therefrom," it divested itself of all interest in the policy;

(4) It was proper to exclude at the hearing the following question asked by the plaintiff of an expert witness: "Is there a custom, a recognized custom, in the 'Street' generally among insurance companies to pay fire losses where transfers have not been assented to, provided the hazard has not been increased, that is, the amount of the mortgage, for instance, where there is no suspicion in regard to the fire?";

(5) Judgment was ordered for the defendant.

CONTRACT. Writ dated March 31, 1930.

The allegations of the declaration were in substance that the plaintiff was the mortgagee named in a policy of fire insurance in the Massachusetts standard form, dated December 16, 1926, and covering the property for three years, "payable in case of loss to Trustees of the Thayer Academy, the plaintiff in this action as its interest might appear under the present or any future mortgage"; that "the plaintiff at the time of the making of said policy and thenceforth until and at the time of the loss and damage hereinafter mentioned was interested in the premises so insured as mortgagee thereof to the amount so insured thereon in priority to any interest of the" then owner of the equity of redemption; "that the plaintiff now holds a mortgage on said premises which mortgage is still outstanding and in no part paid; and while said policy was in force and during said three years the said premises so insured were burnt and destroyed by fire, whereby the plaintiff suffered loss and damage on the said premises to the amount so insured thereon."

In the Superior Court, the action was heard by *Gray*, J., without a jury. Material facts found by him are stated in the opinion. He ruled that the original contract insuring the plaintiff's interest as mortgagee was terminated on December 13, 1928, when the plaintiff became the owner of the property and made a new contract with the defendant by which "on and after date this policy shall attach in the name and for

the benefit of Trustees of the Thayer Academy"; and that the language of the original policy, "payable in case of loss to Trustees of the Thayer Academy, Mortgagee, as interest may appear under the present or any future mortgage," did not cover the plaintiff's interest under the mortgage taken after December 13, 1928; found for the defendant and reported the action for determination by this court.

*G. W. Abele*, for the plaintiff.

*B. A. Brickley*, for the defendant.

DONAHUE, J.    The plaintiff, a corporation, has brought suit to recover damages for loss by fire to premises described in a policy of fire insurance in the Massachusetts standard form issued by the defendant corporation in December, 1926, insuring the then owners for a three-year period against loss or damage by fire in the sum of $4,000 payable in case of loss to the plaintiff "Mortgagee, as interest may appear under the present or any future mortgage." Two years later the plaintiff foreclosed its mortgage and became the owner of the property by purchase at the foreclosure sale. The defendant thereupon attached to the policy and delivered to the plaintiff a rider dated December 13, 1928, stating that the plaintiff having foreclosed its mortgage, "on and after date this policy shall attach in the name and for the benefit of Trustees of Thayer Academy." After having been the owner in fee of the property for about seven months, the plaintiff sold and deeded it to one Contanos and took back from him a mortgage in the sum of $4,000. At that time, July 12, 1929, another rider entitled "Transfer of Title" was attached to the policy by which the plaintiff transferred, assigned and set over unto Contanos "all title and interest in the within Policy, and all advantages to be derived therefrom." This was assented to by the defendant. On or about the same day the plaintiff's treasurer told an employee of an agent of the defendant that the plaintiff had taken back a mortgage. No contract either oral or in writing was made by the defendant covering the plaintiff's interest as mortgagee. At some time later and before the fire, which was on December 4, 1929, Contanos conveyed the property to one Frank, but the policy was never assigned

to the latter and he acquired no interest under it. At some time prior to the fire, another insurance company had issued a policy of $3,000 on the property to the then owner which was made payable in case of loss to the plaintiff as mortgagee. The fire loss was appraised at $6,715. On November 15, 1929, the plaintiff's treasurer called at the office of the defendant's agent, talked with an employee who had authority to make oral contracts of insurance for reasonable periods, told him that the property was about to be transferred, that the plaintiff continued to hold its mortgage on the property and took away with him the proper slips to be filled out and attached to the policy in order to protect the then owner of the property and the plaintiff as mortgagee, as well as other junior mortgagees, but these slips were not returned, or assented to by the defendant, before the fire. The judge found no oral contract of insurance was made and found for the defendant. The judge ruled that the original contract insuring the plaintiff's interest as mortgagee was terminated on December 13, 1928, when the plaintiff became the owner of the property and made a new contract with the defendant by which the policy thereafter attached "in the name and for the benefit of" the plaintiff, that the language of the original policy "payable in case of loss to Trustees of the Thayer Academy, Mortgagee, as interest may appear under the present or any future mortgage" did not cover the plaintiff's interest under the mortgage taken after December 13, 1928, and excluded the following question which was put by the plaintiff to an expert witness called by it: "Is there a custom, a recognized custom, in the 'Street' generally among insurance companies to pay fire losses where transfers have not been assented to, provided the hazard has not been increased that is, the amount of the mortgage, for instance, where there is no suspicion in regard to the fire?" The case comes before us on a report which presents for determination the correctness of these rulings.

The policy as originally issued contained a contract of insurance between the defendant and the then owners and a contract of insurance between the defendant and the

plaintiff as mortgagee "as interest may appear under the present or any future mortgage." These contracts were different in important respects. *Palmer Savings Bank* v. *Ins. Co. of North America,* 166 Mass. 189, 195. *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 232. For example, by the terms of the policy certain specified acts or defaults of the owners would render the policy void as to them but not as to the mortgagee; if the policy should become void as to the owners by reason of their act or default the defendant had the right to pay to the plaintiff mortgagee the amount secured by its mortgage and get from it an assignment of its mortgage and of the note or debt secured thereby; in case of loss the owners were obliged forthwith to render a statement in writing setting forth the particulars of the loss, whereas the mortgagee was required only to furnish in writing within a reasonable time proper information in regard to the loss as to such matters as a mortgagee reasonably may be expected to know. *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230. When the plaintiff foreclosed its mortgage and by its voluntary act took title in its own name there was a sale within the provisions of the policy which without the assent of the insurer made the contract of insurance void, not only as to the owners but likewise as to the mortgagee. *Dailey* v. *Westchester Fire Ins. Co.* 131 Mass. 173. *Boston Co-operative Bank* v. *American Central Ins. Co.* 201 Mass. 350. After the foreclosure sale the plaintiff no longer had an insurable interest as mortgagee, the ownership was entirely changed and a new title created by the exercise of the power of sale. *Boston Co-operative Bank* v. *American Central Ins. Co.* 201 Mass. 350. In this juncture the parties made a new contract of insurance, expressed in the rider dated December 13, 1928. This was a contract insuring the plaintiff as owner of the property, differing in important respects as to the mutual rights and obligations of the parties from the contract which under the Massachusetts standard form of policy an insurer makes with a mortgagee.

The plaintiff contends that the words in the policy as

originally issued making it payable in case of loss to the plaintiff "Mortgagee, as interest may appear under the present or any future mortgage" cover the interest taken by the plaintiff when, having acquired title in fee, it sold the property seven months afterwards, and took back a mortgage from the purchaser. "The rules which govern the interpretation of all other contracts govern in the interpretation of contracts of insurance. The fair meaning of the language used, as applied to the subject matter, is to be ascertained." *Oakes* v. *Manufacturers' Fire & Marine Ins. Co.* 131 Mass. 164, 165. The words in question are to be construed according to the manifested intention of the parties as of the time of the making of the contract (*C. H. Batchelder & Co. Inc.* v. *Batchelder*, 220 Mass. 42, 45); they cannot be segregated for construction apart from the rest of the insurance contract (*Smith* v. *Abington Savings Bank*, 171 Mass. 178, 184); they are to be interpreted "in accordance with the natural meaning of the words used in the light of the circumstances existing at the time." *Foster* v. *Lee*, 271 Mass. 200, 205.

In *Attleborough Savings Bank* v. *Security Ins. Co.* 168 Mass. 147, 149, the words in a policy making it payable to a mortgagee "as its interest shall appear" were construed. That phrase was interpreted as having reference to the amount which at the time of loss might be due the mortgagee on the mortgage debt originally called to the attention of the insurer and as intending to provide for the event of a diminution of the amount of that debt. The additional words here found "under the present or any future mortgage" have since that decision come into use in conveyancing practice. They undoubtedly broaden somewhat the obligation of the insurer, but we cannot under the established rules for the construction of contracts so construe the words as to include a mortgage interest acquired by the plaintiff long after it had become the owner in fee by foreclosing its original mortgage and as owner had entered into a new and different contract of insurance with the defendant. In *Amory* v. *Reliance Ins. Co.* 208 Mass. 378, where similar

words were in the policy, the loss occurred while the original mortgage was in full force and no such question as here considered was there presented.

When the plaintiff sold the property it assigned to the purchaser "all title and interest in the within Policy, and all advantages to be derived therefrom." The defendant assented to this assignment and thereby became liable only to the purchaser in case of loss. There was no reassignment of the policy by the purchaser to the plaintiff to cover the new interest in the property that it then took as mortgagee. The plaintiff divested itself of all interest in the policy by its assignment. That assignment operated "to discharge the rights and obligations incident to the original parties, and by agreement of the parties and operation of law gives birth to a new contract between the insurer and the assignee upon the old terms." *Swaine* v. *Teutonia Fire Ins. Co.* 222 Mass. 108, 110. *Wilson* v. *Hill,* 3 Met. 66, 69.

The custom which the plaintiff proposed to show by its expert witness was directly contrary to the terms of the contract then made and hence was not admissible. *Boruszweski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589, 593, and cases cited.

There being no error in the rulings made by the judge, judgment must be entered for the defendant.

*So ordered.*