SAMUEL SCHANBERG & others vs. THE AUTOMOBILE
INSURANCE COMPANY OF HARTFORD.

Worcester.  December 7, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Fire: mortgagee's interest. *Mortgage*, Of real estate: insur-
ance, foreclosure. *Sale*, Of real estate.

An entry to foreclose a mortgage of real estate was made, but no affidavit
of entry ever was executed. On the same day a foreclosure sale was
held at which the property was bid in by the mortgagee and the
auctioneer made a sufficient memorandum to satisfy the statute of
frauds. It was a term of the sale that a foreclosure deed should be
given within a certain time after the sale. Within that time a loss by
fire occurred on the real estate. No such deed ever was given. *Held*,
that the property was not "sold" within the meaning of a provision
in a policy of fire insurance in the Massachusetts standard form cov-
ering the property and payable to the mortgagee as such, that the
policy "shall be void · . . . if, without . . . assent [of the company],
the said property shall be sold."

In an action on such policy by the mortgagee, there was no merit in a
contention by the defendant that the plaintiff was not entitled to
recover because, having foreclosed the mortgage, he had rendered
himself unable to comply with a provision of the policy that "when-
ever this company shall be liable to a mortgagee for any sum for loss
under this policy, for which no liability exists as to the mortgagor
. . . and this company shall elect . . . to pay the mortgagee the
full amount secured by such mortgage, then the mortgagee shall
assign and transfer to the . . . [company], upon such payment, the
said mortgage, together with the note and debt thereby secured":
no foreclosure had taken place and, even if the defendant had a
defence on the policy against the mortgagor, the plaintiff still was in
a position to make the required assignment to the defendant.

A sworn statement, furnished after the fire to the defendant by the
plaintiff in accordance with the requirements of such policy, was not
rendered false or even inaccurate by a representation in it that the
burned building "was owned by . . . [the mortgagor], subject to
the mortgage of" the plaintiff.

CONTRACT.  Writ dated April 13, 1932.

The action was heard in the Superior Court by *W. A.
Burns*, J., without a jury.  Material evidence is stated in
the opinion.  The sworn statement, mentioned in the

opinion, was furnished to the defendant by the plaintiffs. There was a finding for the plaintiffs in the sum of $2,261.92. The defendant alleged exceptions.

One of the contentions stated by the defendant in its brief was: "The plaintiffs by the foreclosure sale destroyed the right of subrogation of the defendant provided by the mortgagee clause of the Massachusetts standard form of policy, and therefore they are not entitled to recover. . . . The mortgagor, having no property interest in the premises, of course had no insurable interest under the policy, and the policy was clearly void as to him. The standard mortgagee clause contained in the Massachusetts standard fire policy gives to the insurer certain rights with respect to the assignment of the mortgage and note in the event that the policy is void as to the insured, and the mortgagee if he wishes to make a claim under the policy must do nothing which will interfere with this subrogation right. . . . While it is true that no demand for assignment of the note and mortgage appears to have been made by the defendant, it is quite apparent that, the foreclosure sale having taken place, such an offer was useless, as the plaintiffs had placed it beyond their power to comply with the terms of the policy with respect to subrogation."

*G. B. Rowell*, (*G. P. Van Arkel* with him,) for the defendant.

*L. E. Stockwell*, for the plaintiffs.

LUMMUS, J. This is an action by the holders of a real estate mortgage for $2,500, on a policy of insurance against fire in the standard form prescribed by G. L. (Ter. Ed.) c. 175, § 99, made payable to the plaintiffs as mortgagees. One Thomas Doyle was the mortgagor. A loss by fire amounting to $2,110 occurred two days after an entry by the plaintiffs for the purpose of foreclosing the mortgage, and a foreclosure sale under the power of sale in the mortgage, at which the property was bid in by the plaintiffs for $1,000. The auctioneer made a sufficient memorandum to satisfy the statute of frauds. One of the terms of the sale was that the deed should be given within ten days. The foreclosure deed was never executed nor delivered, and no affidavit of entry was executed. The trial judge found

for the plaintiffs, denying certain requests for rulings presented by the defendant, and the defendant alleged exceptions.

The policy provides that it "shall be void . . . if, without such assent [in writing or print of the company], the said property shall be sold." In *Clinton* v. *Norfolk Mutual Fire Ins. Co.* 176 Mass. 486, 489, Hammond, J., said, "Conditions of this kind are strictly construed against the insurer, and the general rule is that such a condition refers only to an absolute transfer of the entire interest of the insured, completely divesting him of his insurable interest. Any sale or transfer short of this is not within the scope of the condition." See also *Stuart* v. *Reliance Ins. Co.* 179 Mass. 434, 438; *Bryan* v. *Traders' Ins. Co.* 145 Mass. 389; *Dailey* v. *Westchester Fire Ins. Co.* 131 Mass. 173. Compare *Brown* v. *Cotton & Woolen Manufacturers' Mutual Ins. Co.* 156 Mass. 587; *Oakes* v. *Manufacturers' Fire & Marine Ins. Co.* 131 Mass. 164. A foreclosure sale followed by a deed from the mortgagee to himself as purchaser makes a policy void under the quoted provision, unless proper assent of the insurance company is obtained. *Boston Co-operative Bank* v. *American Central Ins. Co.* 201 Mass. 350. *Trustees of Thayer Academy* v. *Corporation of the Royal Exchange Assurance of London*, 281 Mass. 150, 154.

The defendant argues that the mortgagees always had the legal title, subject only to the equity of redemption; that the equity of redemption was barred as soon as the property was knocked down at the foreclosure sale (*White* v. *Macarelli*, 267 Mass. 596); and that at that moment the title became perfect and absolute in the mortgagees without any deed under the power, and became "sold" to them. One trouble with that argument is that it proves too much. If its premises were sound, it would seem that there was no sale at all which could violate the policy, and that there would have been none though a deed had been given under the power, for on the defendant's theory such a deed would have no real effect. Such a result would seem inconsistent with the decision in *Boston Co-operative Bank* v. *American Central Ins. Co.* 201 Mass. 350.

In that case at page 351, Knowlton, C.J., described the nature of a foreclosure sale as follows: "Coupled with the interest conveyed to the mortgagee was an independent power to make an absolute sale of the property, which should convey all the title, both of the mortgagor and the mortgagee. . . . the ownership [was] entirely changed and a new title created by the exercise of the power of sale." Whether the mortgagee or another be the purchaser, the title does not pass under that "independent power" to sell until the mortgagee gives a deed to the purchaser. "The auction sale was in effect a mere contract for a sale. The sale was not executed until the deed was delivered, when the title passed to the purchaser." *Beal* v. *Attleborough Savings Bank*, 248 Mass. 342, 343. The only difference between the mortgagee and another as purchaser, is that specific performance is more easily enforced against the former, for if he has no lawful reason for refusing to complete his purchase he may be treated as having already paid the price as purchaser to himself as mortgagee. *Hood* v. *Adams*, 124 Mass. 481, and other cases cited in *Barry* v. *Dudley*, 282 Mass. 258, 259. In *White* v. *Macarelli*, 267 Mass. 596, 599, relied on by the defendant, it was said, "Until conveyance is made a mortgagor has an interest in the property and has rights against the mortgagee and the relation between them is not entirely at an end when the auction sale takes place. . . . Until the contract of sale is completed the mortgagor has an equity in the property, but it is not strictly accurate to designate this interest as an equity of redemption." Until the deed is given, the mortgagor has a right to an accounting for rents and profits. *Beal* v. *Attleborough Savings Bank*, 248 Mass. 342. If the building on the mortgaged premises burns after the foreclosure sale and before the giving of a deed, as in this case, a purchaser, whether the mortgagee or another, cannot get what he agreed to buy and is not bound to take title. *Libman* v. *Levenson*, 236 Mass. 221. If a purchaser rightfully refuses to take title, the rights of the mortgagor are not foreclosed but remain unimpaired, and the mortgagee may exercise the power anew. *Fall River Savings Bank* v.

*Sullivan,* 131 Mass. 537. *Dennett* v. *Perkins,* 214 Mass. 449. That is the situation in the present case.

It follows that the insured property was not "sold" within the provision quoted from the policy. The policy remained valid in favor of the mortgagor as well as of the mortgagees. Therefore there is no ground for applying the provision in the policy that "whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment, the said mortgage, together with the note and debt thereby secured." See *Canton Co-operative Bank* v. *American Central Ins. Co.* 219 Mass. 132. If there were any defence against the mortgagor on the policy, the mortgagees would still be in a position to assign the mortgage to the insurer, for the fire absolved them from the duty of taking the deed, and no foreclosure resulted.

It follows also that the "statement in writing, signed and sworn to by the insured, . . . forthwith rendered to the company, setting forth the value of the property insured, the interest of the insured therein" and other information required by the policy, was not rendered false or even inaccurate by the representation in it that the burned building "was owned by Thomas Doyle, subject to the mortgage of" the plaintiffs for $2,500.

What has been said disposes of all the requests for rulings, and they need not be dealt with in detail.

*Exceptions overruled.*