*Municipal Court of the*
*City of Boston*

No. 304,032

## CHARLES A. ALLEN and HAZEL H. ALLEN

v.

## MEETING HOUSE HILL COOPERATIVE BANK

Argued: Mar. 23, 1973 - Decided: May 15, 1973

*Present:* Glynn, J. (Presiding), DeGuglielmo & Doerfer, JJ.

Case tried to *Foster, J.*

**DeGuglielmo, J.** This is an action of contract to recover $3,409.46 which had been deposited

in an account with the defendant bank. The defendant filed an answer alleging a general denial and payment and also a declaration in set-off in which it alleged a default in mortgage, foreclosure and foreclosure sale with a resultant deficiency claim totalling $3,384.68.

The plaintiff, in answer to the declaration in set-off, filed a general denial and an allegation that the defendant purchased the property in question at the foreclosure sale and that as a result thereof no deficiency exists.

*At the trial there was evidence tending to show that* the plaintiffs have, and at all times material hereto did have, the sum of $3,409.46 on deposit in a joint savings account at the defendant bank (Bank); on or about *November 18, 1971* the plaintiffs made demand on the Bank for payment of the full amount on deposit in said account to the plaintiffs but the Bank refused to pay the plaintiffs any of the amount on deposit; on or about *August 20, 1958,* the plaintiffs had executed a mortgage to the Bank covering the property at 126 Devon Street in Dorchester, Massachusetts to secure the joint and several note of the plaintiffs to the Bank dated *August 20, 1958,* in the face amount of $8,500.00. The mortgage was recorded in Suffolk Deeds, Book 7335, Page 773; subsequent to *January 20, 1971,* no further payments were made on the note and on said date and prior to the commencement of foreclosure proceedings the principal bal-

ance due on said note was $2,594.97; on January 20, 1971, and at the time of the trial of this action the Bank held the sum of $817.00 in a tax suspense account in connection with this mortgage; as a result of the default in the terms and conditions of the mortgage, the Bank commenced a petition for leave to foreclose its mortgage in the Land Court, Case No. 62368 Misc.; the petition for leave to foreclose the mortgage was filed on *April 22, 1971,* and was signed by the Bank's President, William J. Fitzgerald, on behalf of the Bank. The petition named the City of Boston as a respondent and referred to said City as the holder of a "Razing Lien"; a decree authorizing and empowering the sale was entered by the Land Court; on *June 4, 1971* the plaintiffs received notices of intention to foreclose and to hold them liable for any deficiency; the statutory foreclosure advertisement published in the Suburban Record stated: "Said premises will be sold subject to any and all unpaid taxes, assessments, betterments and municipal liens, if any there be"; on *March 19, 1971* the City of Boston caused to be recorded in Suffolk Deeds a Statement of Claim for the expense of razing the building on the mortgaged property in the amount of $2,840.00; this expense is noted on the Municipal Liens Certificate; on *August 13, 1971,* a foreclosure sale at public auction was conducted on the mortgaged premises. The building had been razed and the

excavation had been filled to grade. The plaintiff, Charles A. Allen was present as was the duly authorized President of the Bank,, an auctioneer and others. The foreclosure advertisement was read including the language that "said premises will be sold subject to any and all unpaid taxes, assessments, betterments and municipal liens, if any, there be". The Bank was the only bidder. It bid the sum of $2,-600.00; the defendant abandoned the foreclosure sale and no foreclosure deed, affidavit, or certificate of entry have been recorded in the Suffolk Registry of Deeds. Clause "Fifth" of the Bank's Mortgage provides that in the event of default, any expense incurred by the mortgagee including attorney's fee in connection with the bringing of proceedings for leave to foreclose said mortgage or the undertaking of such foreclosure proceeding shall be borne and paid by the mortgagor"; pursuant to Clause "Fifth" of the mortgage the defendant has incurred expenses of foreclosure including attorney's fees in the sum of $789.81.

At the close of the trial and before final arguments the defendant made several requests for rulings. The defendant claimed to be aggrieved by the court's denial of its requests for rulings numbered 4, 5 and 6, and claimed a report from such denial.

At the hearing before this Division, the defendant, in open court, waived its right of appeal from denial of request for ruling num-

ber 6. The requests for rulings complained of are as follows:

"4. The defendant mortgagee has the right to abandon a foreclosure under power of sale when it was the only bidder at the auction and at which one of the plaintiffs was in attendance at any time prior to the approval of a foreclosure deed affidavit and certificate of entry by the Land Court and the recording of the instruments in the appropriate Registry of Deeds within 30 days of the approval. Court: Denied.

"5. The liability of plaintiffs on the note, dated August 20, 1958, was not extinguished, since the foreclosure deed, affidavit and certificate of entry have not been recorded in the Registry of Deeds within 30 days of the approval of said instruments by the Land Court. Court: Denied."

After disposing of the defendant's requests for rulings the court made the following Findings of Fact:

"The court finds, on the basis of all of the credible evidence adduced at the trial, that the defendant bank bid in at the foreclosure sale, knowing or in position where it should have known that there was an outstanding municipal lien for the razing of the building involved. Having done so, the defendant offered the bid for the property subject to said lien. The fact that the foreclosure deed was not recorded does not absolve the defendant from

liability to the original mortgagor for the amount paid at said auction sale. The court concludes that the original obligation of the mortgagor on the mortgage note became extinguished.'', and found for the plaintiff in the amount of $3,409.46.

The plaintiffs are entitled on their declaration to a finding in the amount which they had on deposit on the date of demand, unless the defendant has a valid claim in set-off. In the determination of the validity of the claim for set-off, it becomes paramount to decide the obligation, if any, created when a bidder at a mortgage foreclosure sale becomes the successful bidder.

Factually it is unquestioned that after bidding and becoming the successful bidder, the defendant mortgagee did not record the copy of notice and affidavit as required by G. L., c. 244, § 15. The failure to record the notice or affidavit, however, is not fatal to the sale unless there are intervening bonafide parties whose rights are affected by the failure. G. L., c. 244, § 15. *Salter* v. *Quinn*, 334 Mass. 220. *Fitchburg Co-op. Bank* v. *Normandin*, 236 Mass. 332. Title does not, of course, pass until there has been an executed deed, copy of notice and affidavit recorded. G. L., c. 244, § 15. *Boston Co-op. Bank* v. *Amer. Insur. Co.,* 201 Mass. 330. *Schanberg* v. *Automobile Insur. Co.,* 285 Mass. 316, 319. However, the auction sale, consummated by an award to the successful high

bidder is in effect a contract of sale. *Schanberg* v. *Automobile Insur. Co.,* 285 Mass. 316, 319. *Beal* v. *Attleboro Sav. Bank,* 348 Mass. 342, 343.

This contract of sale, the defendant breached by its refusal and/or neglect, without legal justification, to consummate by recordation as required under the provisions of G. L., c. 244, § 15. The court's finding that the defendant knew or should have known of the outstanding municipal lien at the time of its bid, successfully disposes of any possible legal justification which the defendant interposed.

The defendant bank therefore became obligated to pay to the plaintiff the sum of $2600 which it had bid at the foreclosure sale, and the monies held by it in the tax escrow account of $817, together with with the monies in the plaintiffs' savings account, in all $6826.46 from which the defendant is entitled to deduct, as set-off, the amount of the unpaid mortgage balance of $2594.97 and the foreclosure expenses of $817, so that the net amount due the plaintiffs is $6000.46.

Based upon the foregoing, there was no error in the trial justice's denial of the defendant's requests for rulings.

**Report dismissed.**

GEORGE M. BELSKY of Boston
for the Defendant

WARREN G. MILLER of Boston for the plaintiff in his brief stated the following:

In *Hood* v. *Adams,* 124 Mass. 481, a mortgagee had purchased real estate at its own foreclosure sale but unjustifiably refused to execute or deliver a foreclosure deed to himself. Instead he brought an action against the maker of the mortgage note for the unpaid balance, undiminished by the amount of the mortgagee's bid at the foreclosure sale.

The court held that the mortgagee's bid constituted payment of the note even though the mortgagee had refused to execute the foreclosure deed and said at page 484:

> "If, by virtue of the power in the mortgage, the mortgagee becomes the purchaser, he is bound to carry out and complete his purchase to the same extent as any other purchaser. The proper performance of his duty as purchaser is as imperative upon him, as the proper performance of his duty as seller. The fact that he unites the two characters in his own person cannot give him any additional rights; on the contrary he is held to a stricter accountability when he undertakes to buy. . . . And this mortgagee cannot, by a refusal to perform a plain duty, compel this defendant to pay a note which would have been discharged if that duty had been performed. . . . ."

In *Feuer* v. *Capilowich,* 242 Mass. 560, the court ordered a mortgagee who had purchased at his own foreclosure sale and subsequently

refused to execute a foreclosure deed, to account to a junior mortgagee for the surplus which would have been available if the mortgagee had performed his obligation to purchase for the price he bid at the sale.

*Schanberg* v. *Automobile Insurance Company of Hartford,* 285 Mass. 316, stated that where the mortgagee is himself, the purchaser at the foreclosure sale and unlawfully refuses to complete his purchase, he may be treated as having already paid the price as purchaser to himself as mortgagee, thereby extinguishing the mortgage note pro tanto.