Fecteau, J.
Defendant Hingham Mutual Insurance Co. (“Hingham Mutual") was the insurer of property originally owned by defendants Linda and Michael Zichelle and later foreclosed upon and purchased by plaintiff Ideal Financial Services (“Ideal”). After Ideal became the owner of the property and while the Zichelles remained in the house pending eviction proceedings, a fire occurred. Ideal now seeks to recover from Hingham Mutual as the listed mortgagee under the Zichelle’s insurance policy or by reaching and applying any claim the Zichelles may have under that policy. Hingham Mutual denies any liability to Ideal because Ideal was no longer the mortgagee at the time of the loss and was not insured as owner of the *99 property, and because the Zichelles have no claim under the policy which Ideal may reach and apply.
Ideal and Hingham Mutual have each moved for summary judgment pursuant to Mass.R.Civ.P. 56(c). Ideal seeks summary judgment on Count V (Declaratory Judgment) and Count VI (Breach of Contract) of the First Amended Complaint against Hingham Mutual and Hingham Mutual moves for summary judgment on all counts of Ideal’s First Amended Complaint. Based upon the following discussion, this court now allows Hingham Mutual’s motion for summary judgment and denies Ideal’s motion for summary judgment.
BACKGROUND
The following facts are uncontested:
On July 18, 1990, in purchasing their home located at 611 Merriam Avenue in Leominster, Linda and Michael Zichelle granted a mortgage to Ideal for $170,000. The Zichelles obtained a property and fire insurance policy from Hingham Mutual insuring the Zichelles as the owners and Ideal as the mortgagee. In late 1994, the Zichelles defaulted on the mortgage and, at the foreclosure sale on December 1, 1994, Ideal purchased the property for $157,000. Ideal recorded a foreclosure deed on December 8, 1994.
On February 17, 1995, shortly before Ideal was to sell the property to a third party and while the Zichelles were still living at the property, a fire occurred and damaged the property. At the time of the fire, the Zichelle’s insurance policy with Hingham Mutual was in effect and the premiums had been paid. Neither the Zichelles nor Ideal had notified Hingham Mutual of the foreclosure sale. Hingham Mutual only learned of the change in ownership following the fire and following the claims made in connection with the fire.
After the fire, Ideal notified Hingham Mutual and made a timely claim seeking coverage under the insurance policy for damages caused by the fire. Hingham Mutual denied the claim on April 27, 1995 asserting that Ideal’s conduct in obtaining title through foreclosure without notifying Hingham Mutual of the change in ownership, deprived Ideal of any right to recover under the policy.
After the fire, the Zichelles and Hingham Mutual signed a non-waiver agreement preserving the rights of both parties. The Zichelles never pursued a claim against Hingham Mutual and Hingham Mutual states that, if they had, Hingham Mutual would have investigated the cause of the fire in defense of the Zichelle’s claim. Hingham Mutual attempted to either arrive at an agreed-upon figure with the Zichelles regarding the amount of their personal property loss, or to agree to disagree as to the appropriate figure. According to Hingham Mutual, the Zichelles failed to cooperate in determining the scope of damage to their personal property. The Zichelles never requested reference and failed to file suit against Hingham Mutual within the two-year statute of limitations.
DISCUSSION
I. SUMMARY JUDGMENT STANDARD
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue as well as demonstrating that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
II. APPLICATION AND INTERPRETATION OF THE INSURANCE POLICY
In Massachusetts, a complete transfer in ownership to the mortgagee voids an insurance policy. See Schanber v. Automobile Ins. Co. of Hartford, 285 Mass. 316, 318 (1934) (“a foreclosure sale followed by a deed from the mortgagee to himself as purchaser makes a policy void under the [mortgage clause], unless proper assent of the insurance company is obtained”). In Schanberg, the court reasoned that the mortgage clause and “conditions of this kind are strictly construed against the insurer, and the general rule is that such a condition refers only to an absolute transfer of the entire interest of the insured, completely divesting him of an insurable interest.” Id. at 318 (quoting Clinton v. Norfolk Mutual Fire Ins. Co., 176 Mass. 486, 489 (1900)). See also Guempel v. Great American Ins. Co., 11 Mass.App.Ct. 845, rev. denied, 383 Mass. 893 (1981) (mortgagee listed on policy not entitled to recover after foreclosure). In this case, it is undisputed that Ideal was the owner of the property at the time of the fire as it had foreclosed and recorded the foreclosure deed almost two months prior to the fire. “Our case law is clear that a mortgagee who purchases at foreclosure has no more rights than a third-party purchaser ...” Duclersaint v. Federal National Mortgage Assoc., 427 Mass. 809, 812 (1998). Accordingly, after foreclosure, Ideal had no more rights as an owner than a third-party purchaser would have had. Therefore, the insurance policy did not apply as Ideal no longer had an insurable interest as mortgagee under the policy and was never insured as an owner. Trustees of Thayer Academy v. The Corporation of the Royal Exchange Assurance of London, 281 Mass. 150, 154 (1932) (“After the foreclosure sale, the plaintiff no longer had an insurable interest as mortgagee, the ownership was entirely changed and a new title created by the exercise of the power of sale”).
*100 Even if the insurance policy did apply, Ideal cannot recover since it did not abide by the terms of the policy when it neglected to notify Hingham Mutual of the change in ownership following foreclosure. Proper interpretation of an insurance policy is a question of law which may be decided by the court on summary judgment. Massachusetts Bay Transp. Auth. v. Allianz Ins. Co., 413 Mass. 473, 476 (1992) (citing Nelson v. Cambridge Mut. Fire Ins. Co., 30 Mass.App. Ct. 671, 673 (1991)). When interpreting the provisions of an insurance policy, unambiguous terms are construed and enforced according to their plain meaning. Somerset Savings Bank v. Chicago Title Ins. Co., 420 Mass. 422, 427 (1995). “When the provisions of [an insurance] policy are plainly and definitely expressed, the policy must be enforced in accordance with the terms.” Id. (citing Cody v. Connecticut General Life Ins. Co., 387 Mass. 142, 146 (1982)). The relevant portion of the insurance policy at issue here states that the denial of the mortgagor’s (Zichelle’s) claim will not extinguish the mortgagee’s (Ideal’s) claim “if the mortgagee has notified [the insurer] of change in ownership, occupancy, or substantial change in risk of which the mortgagee has become aware . . .”
When Hingham Mutual issued the insurance policy in dispute here, Ideal was listed as the mortgagee and the Zichelles were listed as the owners. At the time of the fire loss, nothing had changed on the insurance policy but Ideal had become the owner and was no longer the mortgagee. Ideal was not insured as an owner, never paid a premium as an owner, and never informed Hingham Mutual that it had foreclosed on the property and was now the owner rather than the mortgagee. In addition, Ideal did not protect itself by obtaining its own insurance policy on the property upon foreclosure. Therefore, Ideal cannot recover as either the owner or the mortgagee under the policy.
Ideal argues that a mortgagee’s interest continues to be protected and that the policy language requiring notice to the insurer of a “change in ownership” does not apply to a mortgagee’s obtaining title by foreclosure. Ideal also argues that such transfers of title are not deemed “changes of ownership” but rather an enlargement of the mortgagee’s interest. However, this is directly contrary to Massachusetts case law which states that obtaining title by foreclosure is a change of ownership and that a mortgagee who purchases at foreclosure has no more rights than a third-party purchaser. Duclersaint v. Federal National Mortgage Assoc., 427 Mass, at 812.
III. REACH and APPLY
The parties agree that at the time of the loss, the Zichelles still had an insurable interest in their personal property. The Zichelles, however, never came to an agreement with Hingham Mutual’s claims adjuster on the amount of their loss, they never pursued a claim with Hingham Mutual, and they never filed suit to recover on their personal property loss. In short, the Zichelles never perfected their claim so they have no claim which their creditors may reach and apply.
According to the insurance policy at issue here, all suits against the insurer must be filed within two years. This two-year period begins at the time of the loss. Goldsmith v. Reliance Ins. Co., 353 Mass. 99, 102 (1967). Since the Zichelles failed to abide by the terms of the policy, Ideal’s reach and apply claim must fail. In a reach and apply action, the insurance company “has against the plaintiff any defense it would have had against [the insured].” Potter v. Great American Indemnity Co., 316 Mass. 155, 157 (1944) (citing Sleeper v. Massachusetts Bonding & Ins. Co., 283 Mass. 511, 512 (1933)). “Where an obligation, if any, which the plaintiff seeks to reach arises out of non-compulsory insurance, any defense available to the insurer against the insured is also available against the plaintiff, for the plaintiffs rights stand no higher than those of the insured whose rights against the insurer he seeks to reach.” Cassidy v. Libertv Mutual Ins. Co., 338 Mass. 139, 143 (1958).
Since the Zichelles never made a legitimate effort to arrive at a figure to cover their personal property losses and never filed suit to recover their losses, they lost their rights under the policy. There is no dispute that the Zichelles cannot now recover under the policy. Therefore, there is no claim for Ideal to reach and apply.
III. VIOLATIONS OF GENERAL LAWS c. 93A and c. 176D
Ideal seeks relief under c. 93A and under c, 176D which prohibit unfair and deceptive business practices. “A practice may be deceptive if it reasonably could be found to have caused the plaintiff to act differently than he otherwise would have acted. Duclersaint v. Federal National Mortgage Assoc., 427 Mass. 809, 814 (1998). ’’However, a good faith dispute as to whether money is owed, or performance is due, is not the stuff of which a c. 93A claim is made. Id.
A good faith denial of an insurance claim, based upon a reasonable interpretation of the policy, is unlikely to give rise to a violation of G.L.c. 93A. Gulezian v. Lincoln Ins. Co., 399 Mass. 606, 613 (1987). When coverage has been correctly denied, as in this case, no -violation of Massachusetts’ statutes proscribing unfair or deceptive trade practices may be found. Spurlin v. Merchants Ins. Co., 866 F.Sup. 57, 62 (D. Mass. 1994). There is no evidence that Hingham Mutual’s denial of coverage to Ideal was made in bad faith or was unreasonable. It was a genuine difference of opinion about whether there was coverage in the circumstances. In fact, according to the above analysis, Hingham Mutual correctly denied coverage to Ideal. Therefore, there is no violation of c. 93A or of c. 176D and summary judgment must be allowed on these counts.
*101 ORDER
For the foregoing reasons, this Court ORDERS that defendant Hingham Mutual Insurance Company’s motion for summary judgment is ALLOWED and that plaintiff Ideal Financial Services’ motion for summary judgment on Counts V and VI is DENIED.