The plaintiff, John H. Ray, Third, filed a try title and quiet title action seeking to discharge a mortgage on his former home. Judgment on the pleadings entered for the defendants in the Land Court. The plaintiff appeals; we affirm.
Background. The plaintiff held title to the property in question as a joint tenant from January, 2006, until June, 2007, when he became the sole owner. Several foreclosure notices were sent to the plaintiff between October, 2009, and July, 2012, and defendant JPMorgan Chase Bank, N.A. (JPMorgan), sold the house to defendant Reem Property, LLC (Reem), at a foreclosure sale in 2014. Following the foreclosure sale, the plaintiff filed an action in Superior Court against JPMorgan challenging the foreclosure sale, requesting that the foreclosure sale be invalidated, seeking a declaration of his right title in the property, and seeking damages for a series of claims. The parties settled the claims, and the settlement agreement contained mutual releases.[3] After that matter settled, the plaintiff requested that JPMorgan discharge the mortgage on his property, which was not possible because the mortgage had been foreclosed and the property had been sold to Reem. The plaintiff then filed this action.
In his try title and quiet title action, the plaintiff essentially argued that the mutual release that accompanied the previous settlement in Superior Court left him with unencumbered record title to and possession of the property. Further, he argues that JPMorgan waived its defenses to this action through that settlement agreement. The Land Court judge granted the motion for judgment on the pleadings pursuant to Mass.R.Civ.P.12(c), 365 Mass. 754 (1974), in favor of the defendants.
The Land Court judge determined that, even if JPMorgan had ceded its interest in the property back to the plaintiff through the settlement agreement, JPMorgan no longer had any ownership stake in the property because it had already sold the property to Reem. The plaintiff countered that a deed had never been delivered to Reem and the sale therefore did not extinguish JPMorgan's interest in the property. The plaintiff mistakenly based this contention on the decision in Schanberg v. Automobile Ins. Co. of Hartford, 285 Mass. 316 (1924), which stands for the proposition that a mortgagor should receive any residual funds after the debt to the mortgagee has been satisfied. Noting that the plaintiff failed to rely on any legal authority that applied to his claim, the judge entered judgment on the pleadings in favor of the defendants.
The judge further noted that the plaintiff's argument that the settlement agreement reverted title back to him was meritless, concluding that this interpretation of the contract was inconsistent with its unambiguous language. See Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992). Finally, the judge determined that the plaintiff's claims that the property's sale to Reem was insufficient to extinguish his rights to the property in question and that the foreclosure sale was invalid were barred by res judicata, because they could have been brought in the original Superior Court action. "Three elements are essential for invocation of claim preclusion: (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001). Having found the presence of those three elements, the judge determined that the claims were precluded.
Discussion. We review the grant of a motion for judgment on the pleadings de novo. Commonwealth v. Fremont Inv. & Loan, 459 Mass. 209, 212 (2011). A " rule 12(c) motion is actually a motion to dismiss ... [that] argues that the complaint fails to state a claim upon which relief can be granted." Jarosz v. Palmer, 436 Mass. 526, 529 (2002) (quotation omitted). To survive a motion to dismiss, the plaintiff's complaint must include factual allegations sufficient "to raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
The plaintiff challenges the judge's grant of the motion for judgment on the pleadings on three grounds. First, he argues that his rights as a mortgagor remain because the deed has not been delivered to Reem. Second, he argues that the settlement agreement removed JPMorgan's interest in the property. Finally, he contends that res judicata does not apply to his present arguments.
Having considered the parties' pleadings and appellate arguments, we affirm the grant of the defendants' motion for judgment on the pleadings. For the reasons articulated in the motion judge's thoughtful and thorough decision, we agree that the plaintiff's complaint did not set forth sufficient facts to state a claim upon which relief could be granted.
Reem requested appellate attorney's fees and double costs in its brief. Because we consider the appeal to be frivolous, we will grant Reem's request for fees and double costs.[4] Reem may file a petition for appellate attorney's fees with supporting documentation in accordance with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), within fourteen days of the date of the rescript. The plaintiff will have fourteen days in which to respond.
Judgment affirmed.

The settlement agreement and its specific terms are impounded.

JPMorgan did not request appellate attorney's fees in its brief.