COMMONWEALTH, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88264.   Promulgated November 11, 1937.

*Herbert L. Swett, Esq.,* and *Roscoe C. Nelson, Esq.,* for the petitioner.

*T. G. Histon, Esq.,* for the respondent.

OPINION.

ARUNDELL: There is no issue in this case as to the petitioner's having sustained a deductible loss in 1934 through the conveyance of its equity in the real estate to the mortgagee. As the parties have agreed that the basis for gain or loss was $8,988.85 and the petitioner lost all of its interest in the property, there is no longer any question as to the amount of the loss sustained. The only issue requiring decision is whether the loss was an ordinary loss sustained on abandonment of the property and deductible in full, or whether it was a capital loss arising out of a sale of the property and subject to the $2,000 limitation prescribed by section 117 of the Revenue Act of 1934.

The only indications of a sale are the recitations in the deed of considerations of $50 and release of liability under the mortgage. These, however, were not in fact considerations for the conveyance of petitioner's equity. Under petitioner's agreement with the mortgagee the $50 was paid to the petitioner for documentary stamps, recording fees, and for the personal property on the premises conveyed. The purported release of liability under the mortgage was of no benefit to the petitioner for it had no liability under the mortgage. Neither the petitioner nor its grantor assumed the mortgage liability, but took title subject to it. Hence, there was no personal liability on the part of the petitioner. *Hulin* v. *Veatch*, 148 Or. 119, 35 Pac. (2d) 253; *Metropolitan Bank* v. *St. Louis Dispatch Co.*, 149 U. S. 436. *Fulton Gold Corporation*, 31 B. T. A. 519. Inasmuch as there was in fact no consideration to the petitioner, the transfer of title was not a sale or exchange. The execution of the deed marked the close of a transaction whereby petitioner abandoned its title. Cf. *A. J. Schwarzler Co.*, 3 B. T. A. 535, *Greenleaf Textile Corporation*, 26 B. T. A. 737, holding that a taxpayer does not sustain a deductible loss of the value of real estate while retaining title to it.

Counsel for the respondent, by a memorandum in lieu of a brief, states, without argument, that he relies on the case of *Watts* v.

*Spencer*, 51 Or. 262; 94 Pac. 39. In a long opinion in that case the court said that "there is no such thing as abandonment to particular persons, or for a consideration." We presume that this is the language that counsel desires us to consider. We do not inquire whether the cited case, decided in 1908, is still regarded as good law in Oregon, for in our opinion it is not controlling here. That case involved a parol sale of land with appurtenant water rights. The inquiry was as to who among several claimants had priority in certain water rights. We have no such question here. This case raises no question as to whether the petitioner parted with its property; that is established and it is immaterial whether the process of parting be called an abandonment or given some other designation. The important fact is that the petitioner has irrevocably lost its investment in the property. We hold the loss sustained to be an ordinary loss resulting in an allowable deduction in the full amount of $8,988.85.

*Decision will be entered under Rule 50.*