*Decision will be entered under Rule 50.*

SOL GREISLER AND MRS. SOL GREISLER (HUSBAND AND WIFE), PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BERNARD GREISLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 89403, 89404. Promulgated March 29, 1938.

*Max Heller, Esq.*, for the petitioners.
*J. W. Smith, Esq.*, for the respondent.

OPINION.

BLACK: In Docket No. 89403 the Commissioner determined a deficiency of $671.47 for the year 1934 against Sol Greisler and his wife, and in Docket No. 89404 he determined a deficiency of $725.42 for the year 1934 against Bernard Greisler.

The sole issue in each proceeding is whether a loss incurred by petitioners on the foreclosure of a mortgage on property which they owned was an ordinary loss and allowable as a deduction to the full extent thereof as provided in section 23 (e) (2) of the Revenue Act of 1934, or whether such loss was a capital loss and limited to $2,000 as provided by section 117 (d) of the Revenue Act of 1934. The parties stipulated that if the Board should hold that the loss was an ordinary loss and deductible in full under the provisions of section 23 (e) (2) of the Revenue Act of 1934, then the Board should enter an order in each proceeding of no deficiency, but if the Board should hold the loss was a capital loss and limited to $2,000 by the provisions of section 117 (d) of the Revenue Act of 1934, then the deficiencies are in the amounts determined by the Commissioner and decisions should be entered accordingly.

The facts were all stipulated, and the facts as stipulated are adopted as our findings of fact. They may be briefly summarized as follows.

Petitioners reside at Philadelphia, Pennsylvania, and filed their income tax returns with the collector of internal revenue for the first Pennsylvania district, Philadelphia, Pennsylvania.

Petitioners Sol Greisler and Bernard Greisler on July 2, 1934, jointly owned premises located at 252–254 South Ninth Street, Philadelphia, Pennsylvania. The property was held subject to an outstanding first mortgage of $80,000 given by a former owner of the premises. The property was acquired on March 22, 1927. On July 2, 1934, the mortgagee instituted foreclosure proceedings against petitioners on his first mortgage, which proceedings were prosecuted to a successful conclusion within the taxable year. The property was acquired by the mortgagee on October 1, 1934, by a sheriff's deed without right of redemption in the petitioners, pursuant to sheriff's sale, for $49,050. By reason of the foreclosure proceedings petitioner Sol Greisler sustained a loss of $14,252.75 and petitioner Bernard Greisler sustained a loss of $16,493.80.

Section 23 (e) (2) of the Revenue Act of 1934 reads as follows:

In computing net income there shall be allowed as deductions:

(e) LOSSES BY INDIVIDUALS.—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

\*     \*     \*     \*     \*     \*     \*

(2) If incurred in any transaction entered into for profit, though not connected with a trade or business.

Section 117 (d) of the Revenue Act of 1934 reads as follows:

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. * * *

There is no dispute between the parties that the property owned by petitioners upon which foreclosure was had in 1934 was a capital asset within the meaning of section 117 (b) of the Revenue Act of 1934. That provision of the statute defines what are capital assets but need not be quoted here because there is no controversy over that point. But it will be noted that the limitation on capital losses provided by section 117 (d) does not apply except to *sales or exchanges* of capital assets which have been made by the owners. For example, if a taxpayer owns a promissory note which has been held for a sufficient length of time to make it a capital asset within the meaning of section 117 (b) of the Revenue Act of 1934, and such note becomes worthless in the taxable year and is charged off, the loss is deductible in its entirety under section 23 (k) of the Revenue Act of 1934, because there has been no sale or exchange of the note by its owner and the limitation provided by section 117 (d) does not apply. Cf. *R. W. Hale*, 32 B. T. A. 356.

Petitioners contend that they made no sale or exchange of the property in 1934, but that on the contrary there was a foreclosure proceeding by which they lost their property and received nothing in exchange. Petitioners point out that the property was sold under a foreclosure of a first mortgage for $80,000 on which they were not personally liable and that they previously purchased the property subject to this first mortgage, and hence when the property was sold to satisfy the mortgage and brought less than the face value of the mortgage the petitioners received nothing—not even an acquittance of a debt, for they owed no debt, having purchased the property subject to the first mortgage and not assuming it.

We think petitioners must be sustained in this contention under the Board's decision in *Commonwealth, Inc.*, 36 B. T. A. 850. In that case the owner of realty, subject to a mortgage, deeded the property to the mortgagee without consideration and thereby sustained a loss. On these facts we held that the loss so sustained was an ordinary loss, deductible in full under the provisions of the Revenue Act of 1934, and was not a capital loss subject to the limitation under section 117 (d) of the Revenue Act of 1934.

In *Commonwealth, Inc.*, *supra*, among other things, we said:

* * * The purported release of liability under the mortgage was of no benefit to the petitioner for it had no liability under the mortgage. Neither the petitioner nor its grantor assumed the mortgage liability, but took title subject to it. Hence, there was no personal liability on the part of the petitioner. *Hulin* v. *Veatch*, 148 Or. 119, 35 Pac. (2d) 253; *Metropolitan Bank* v.

*St. Louis Dispatch Co.*, 149 U. S. 436; *Fulton Gold Corporation*, 31 B. T. A. 519. Inasmuch as there was in fact no consideration to the petitioner, the transfer of title was not a sale or exchange. The execution of the deed marked the close of a transaction whereby petitioner abandoned its title. Cf. *A. J. Schwarzler Co.*, 3 B. T. A. 535, *Greenleaf Textile Corporation*, 26 B. T. A. 737, holding that a taxpayer does not sustain a deductible loss of the value of real estate while retaining title to it.

While the facts of the instant case differ somewhat from those of the *Commonwealth, Inc.*, case, in that in *Commonwealth, Inc.*, there was a voluntary conveyance of the property to the mortgagee, whereas in the instant case there was a foreclosure of the mortgage and a conveyance to the purchaser by a sheriff's deed, we think the principle governing the two cases is the same.

In the instant case, just as in the *Commonwealth* case, the petitioners received nothing in exchange for their property, not even an acquittance of a liability under the first mortgage, because, as in the *Commonwealth* case, petitioners had purchased the property subject to the first mortgage and had not assumed any personal liability thereon. Petitioners neither sold nor exchanged anything. They lost their property through the operation of the law of foreclosure. The sale by the sheriff effected a transfer of title to the property, but it did not constitute a sale or exchange by petitioners.

We therefore hold, following *Commonwealth, Inc.*, *supra*, that petitioners are entitled to deduct the losses admittedly incurred, in their entirety and not limited by the provisions of section 117 (d) of the Revenue Act of 1934.

It was stipulated that, under such disposal of the issue, there is no deficiency against petitioners.

*Decision will be entered for petitioners.*