## C. Griffith Warfield, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 89170. Promulgated October 18, 1938.

*Lawrence A. Baker, Esq.,* and *Henry Ravenel, Esq.,* for the petitioner.
*Willis R. Lansford, Esq.,* for the respondent.

### OPINION.

Smith: This proceeding is for the redetermination of a deficiency of $171.23 in petitioner's income tax for 1934. Petitioner alleges that the respondent erred in adding to his reported income $812.54 "fiduciary income", and $3,400 claimed as a capital loss on a real estate transaction.

The essential facts are stipulated. On January 12, 1927, petitioner and two other individuals, Lawrence A. Baker and H. L. Rust, Jr., entered into a contract to purchase certain real estate situated in the District of Columbia, known as 1128–1130 Connecticut Avenue. The total purchase price under the contract was $350,000. The purchasers agreed to pay $50,000 in cash, assume a first trust indebtedness of $160,000, and execute second trust notes for $140,000. The purchase was consummated on May 1, 1927, each of the participants contributing $13,000 in cash. Prior to that time, on April 27, 1927, the petitioner and his associates, who then included a fourth individual, Thomas B. Hayward, who in the meantime had acquired an interest in the contract, entered into a further agreement that H. L. Rust, Jr., should take title to the property and operate it as trustee for himself and his associates. The trustee was simply to manage and operate the property, collect the rents and profits, and distribute the net profits to the parties in interest.

On January 24, 1934, H. L. Rust, Jr., wrote the petitioner and the other coowners of the property that past due interest and a curtail on the second trust against the property would have to be met or the owner of the note secured thereby would institute foreclosure proceedings immediately. On January 30, 1934, petitioner wrote H. L. Rust, Jr., that he could not meet his share of the interest and curtail.

On February 19, 1934, the property was sold at foreclosure by the

Union Trust Co., as trustee, under the second trust and was purchased by the holder of the second trust note. The bid price was $40,000 over and above the amount of the first trust. At that time the principal of the second trust amounted to $105,000 and accrued interest was due thereon in the amount of $8,207.50, so that the petitioner received nothing from the sale. Petitioner's total investment in the property at the time of the foreclosure was $17,000.

In his return for 1934 the petitioner reported a total income of $2,148 after deducting a capital loss of $3,400 on the above described real estate transaction. The respondent has disallowed the deduction of the $3,400 item and has added to petitioner's income a further amount of $812.54, representing petitioner's share of alleged partnership earnings from the operation of the real estate in question in 1934. In making these adjustments the respondent determined that the petitioner and his associates operated the property in 1934 as a partnership and that the partnership realized profits from rentals for the year of $3,250, of which amount petitioner's share was $812.54. He found that the partnership sustained a total net loss on the sale of the property in the amount of $108,013.63, of which amount only $2,000 was deductible by the partnership under the statutory limitation on capital losses.

Petitioner's principal contention is that the statutory limitation on capital losses contained in section 117 (d) of the Revenue Act of 1934 is not applicable to the loss on the foreclosure sale of the real estate here involved. Section 117 (d) provides in part as follows:

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges. * * *

In *Commonwealth, Inc.*, 36 B. T. A. 850, we held that section 117 (d) was not applicable where the owner of real estate subject to a first mortgage deeded the property to the mortgagee without consideration, thereby sustaining a loss of his investment in the property, and that such loss was deductible in full as an ordinary loss. Likewise, in *Sol Greisler*, 37 B. T. A. 542, where the property was bid in by the mortgagee at a foreclosure sale for an amount less than the mortgage and the taxpayers sustained a loss of their entire investment, we held that the loss was an ordinary loss deductible in full under section 23 (e) (2) of the Revenue Act of 1934.

The instant case is distinguishable from *Betty Rogers*, 37 B. T. A. 897, where it was held that the voluntary transfer of real estate to the holder of the purchase money trust note in consideration for the release of the owners from their obligation on the note and cancellation of the indebtedness represented thereby constituted a sale of the property and resulted in a capital loss rather than an ordinary loss. *Commonwealth, Inc., supra*, was distinguished on the ground

that "In that case the taxpayer received nothing in consideration of the transfer of the property to the mortgagee." This distinction applies with equal force here. Petitioner received no consideration whatever in the transaction. His investment in the property was entirely wiped out by the foreclosure sale and he got nothing in return. In the instant case there was no voluntary conveyance of the property by the owners to the holder of the trust note, but a published sale of the property under foreclosure proceedings. There was no agreement between petitioner and the holder of the trust note relieving the petitioner of his liability, if any, thereon. On these facts we hold that the loss sustained by the petitioner on the sale of the property in question was an ordinary loss and is deductible in its entirety. The deduction thus allowed offsets petitioner's taxable income as computed by the respondent without benefit of the deduction.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

---

TURNER, dissenting: As I read the opinion of the majority in this proceeding there is no question that the property disposed of was a capital asset and the holding rests entirely upon the conclusion that the disposition of the asset was not by way of a sale or exchange within the meaning of section 117 of the Revenue Act of 1934. That section of the statute in so many words deals with "the gain or loss recognized upon the sale or exchange of a capital asset." To say that the loss in the instant case was not sustained "upon the sale" of the petitioner's property, admittedly a capital asset, is in my opinion to ignore the plain facts and the fundamentals of mortgages and foreclosures. Furthermore, even though it may be said that there was no sale of anything belonging to petitioners in such cases as *Commonwealth, Inc.*, 36 B. T. A. 850, and *Sol Greisler*, 37 B. T. A. 542, which cases were not reviewed by the Board, and in respect of which I express no opinion here, the factual situation on which those decisions turn is not present in this case. In the instant case the creditor apparently instituted suit and obtained judgment upon the personal obligations of the petitioners and, by reason of authority previously given by the petitioner in the trust instrument, procured an order authorizing the sale of the capital assets here involved, the petitioner's property, and the application of the proceeds in satisfaction of the petitioner's debt. According to the facts as I understand them, the trustee actually or at least constructively received a sum of money for the benefit of the petitioner upon such sale and the amount so received was applied toward satisfaction of the judgment against the petitioner. I am unable to find any basis for a conclusion that the loss was not sus-

tained "upon the sale" of a capital asset belonging to the petitioner merely because the sale occurred in connection with foreclosure proceedings and was actually made by a trustee for the account of petitioner rather than by the petitioner himself.

For the reasons stated, I respectfully dissent.

LEECH agrees with this dissent.

*Lawrence A. Baker, Esq.*, and *Henry Ravenel, Esq.*, for the petitioners.