STREET et al. v. WELCH, Former Collector of Internal Revenue.

No. 7337.

District Court, D. Massachusetts.

Dec. 11, 1939.

Edward C. Thayer and Rackemann, Sawyer & Brewster, all of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., for defendant.

FORD, District Judge.

This is a suit to recover $9,556.58 paid by the plaintiffs as income taxes for the year 1935.

The facts are not in dispute having been stipulated for the most part by the parties and are as follows:

The plaintiff, Emma L. Street, in 1929, acquired certain real estate situated at 411–419 Washington Street, Brookline, Massachusetts, upon foreclosure of a second mortgage held by her at a cost of $280,155.50. The property was subject to an existing first mortgage of $200,000, of which $188,000 remained unpaid. No agreement was made to assume or pay this first mortgage. In 1935, this property was sold upon foreclosure of the first mortgage and the entire investment of the taxpayer in the property was lost.

In 1924, the same plaintiff acquired real estate situated at 27–29 Province Street, Boston, Massachusetts, for the price of $53,504.05. Title to this property was taken in the name of Gladys P. Drew, as agent or straw for the taxpayer, and the said Drew gave a note and mortgage back for part of the purchase price, the balance of the latter being paid in cash by the taxpayer, Emma L. Street. The name of Emma L. Street did not appear on the note or mortgage. In 1935, the mortgage note was overdue and the said Drew, with the consent of Emma L. Street, gave the mortgagee a deed to the property to obviate the necessity of a foreclosure with its attendant expenses and, as a result, the entire investment of the said Street was lost.

In 1917, the plaintiff, Emma L. Street, acquired by inheritance an interest in land situated in Seattle, Washington. In 1935, her interest in the property was lost through a tax sale which she in no way authorized or consented to.

On November 14, 1936, the plaintiffs filed an amended joint return for the year 1935 on which the loss described above on the premises 411–419 Washington Street, Brookline, was claimed as a deduction under the provisions of Section 23(e) of the Revenue Act of 1934, 26 U.S.C.A. § 23(e), hereinafter referred to as the Act, and, according to this amended return, no tax was payable by the taxpayers. The Commissioner determined that the losses were capital losses of Emma L. Street, within the meaning of Section 117 of the Act, 26 U.S.C.A. § 101, limited the amount of deduction to $2,000 under the provisions of Section 117(d) of the Act, denied deduction of Mrs. Street's losses from the income of her husband, Gerald G. E. Street, and made a deficiency assessment which was paid. Claim for refund of all taxes paid for the year 1935 was filed and rejected, and this suit brought.

The question presented here, is whether the above losses resulted from the sale or exchange of a capital asset, within the meaning of Section 117 of the Act, or were ordinary losses deductible from gross income under the provisions of Section 23(e) of the same Act.

The applicable provisions of the Act are as follows:

"Sec. [§] 23. Deductions from gross income

"In computing net income there shall be allowed as deductions:

* * * * * * *

"(e) Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

* * * * * * *

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *." 26 U.S.C., Section 23, 26 U.S.C.A. § 23.

"Sec. 117. Capital gains and losses
"(a) General rule. In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:

* * * * * * *

"(d) Limitation on capital losses. Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales

or exchanges. * * *" 26 U.S.C.A. § 101.

There is no controversy here as to the investment in the properties by Mrs. Street being capital assets nor is it disputed that the plaintiffs, as husband and wife, could make a joint return under the provisions of Section 51(b) (2) of the Act, 26 U.S. C.A. § 51(b) (2), and that Mrs. Street's losses were fully deductible on the joint return, except in the event it could be shown that such losses constituted capital losses. The loss claimed as a deduction exceeded by a substantial amount the aggregate gross income of the plaintiffs.

Three capital assets are concerned in this case: (a) the investment in the property on Washington Street, Brookline, (b) the investment in the property on Province Street, Boston, and (c) the property acquired by inheritance in Seattle, Washington.

As to the Boston property, wherein it appears that the agent of the plaintiff, Emma L. Street, gave a deed of the property to save the expenses of foreclosure, the defendant agrees that there has not been a sale or exchange of a capital asset and consequently no capital loss. Cf. Commonwealth, Inc., v. Com'r of Internal Revenue, 36 B.T.A. 850.

As to the Brookline and Seattle properties, the defendant asserts that as to the former, where a foreclosure sale took place of an underlying mortgage, it was a sale of a capital asset and the loss resulting must be deemed a capital loss of the plaintiff Emma L. Street, and makes the same contention as to the Seattle property, where the property was lost through a tax sale. The plaintiff, on the other hand, in answer to this, says, that Section 117 contemplates not merely any sale or exchange of a capital asset, but one made by a taxpayer, a voluntary sale.

Assuming that a foreclosure sale such as took place in reference to the Brookline property is a sale, within the meaning of Section 117 of the Act, (Cf. Boston Co-Operative Bank v. American Central Ins. Co., 201 Mass. 350, 87 N.E. 594, 23 L.R.A.,N.S., 1147), yet it is obvious that it was not a sale by the taxpayer. The latter never gave any mortgage nor was she in any way obligated to pay the note secured by the mortgage that was foreclosed. She did not transfer any property nor did she receive considera-

tion of value of any sort. Arnold v. North American Chemical Co., 232 Mass. 196, 122 N.E. 283.

The precise question involved here was recently decided in the case of Commissioner of Internal Revenue v. Freihofer, 3 Cir., 102 F.2d 787, at page 789, and the court stated there: "* * * it was the intent of the Congress to deal in Section 117 with gains and losses resulting from the voluntary sale of capital assets."

This case regarded the phrase "gain or loss recognized upon the sale or exchange of a capital asset" as ambiguous and examined the legislative history of the Act. As the court points out, the Committee on Ways and Means of the House of Representatives stated that the purpose of the change appearing in the Revenue Act of 1934 in the method of taxing gains for the sale or exchange of capital assets was "'to measure the gain or loss from the sale of property by an individual according to the length of time he has held the property.'" (See Senate Report No. 558, 73rd Congress, 2nd Session). The use of this language, the fact that the purpose of Congress in taxing capital net gains at a special rate (Revenue Act of 1921, Chapter 136, 42 Stat. 232, Section 206) was to encourage profit taking transactions *by taxpayers* in capital assets (House Report No. 350, 67th Congress, 1st Session; Seidman, Legislative History of Federal Income Tax Laws, pp. 813, 814), and giving the language of the section its plain, ordinary meaning, cause me to conclude that Section 117 of the Act contemplates voluntary sales and exchanges of capital assets *by the taxpayer*. At least the decision in the case of Commissioner of Internal Revenue v. Freihofer, supra, is not clearly wrong and it has been the rule in this Circuit to follow a decision in another, in construing a federal statute, unless it appears to be clearly wrong. Sherman & Son et al. v. Corin, 1 Cir., 73 F.2d 468. See, also, the following cases reaching a similar result: A. H. Zimmerman, B.T.A., 39 C.C.H., par. 7348(D); Estate of Joseph D. Tooker, et al., B.T.A., 39 C.C.H., par. 7367(G).

By the same reasoning, the loss sustained by Emma L. Street in the Seattle property likewise was not a sale or exchange of a capital asset, within the meaning of Section 117, and hence was

not a capital loss. This was the exact result reached by the Board of Tax Appeals in Nebraska Bridge Supply & Lumber Co., 39 C.C.H., par. 7341.

It follows, in conclusion, that the losses sustained by the taxpayer, Emma L. Street, were ordinary losses, deductible from gross income under the provisions of Section 23(e) of the Act and on the joint return filed by the plaintiffs under the provisions of Section 51(b) (2) of the Act.

The requests of the plaintiffs for conclusions of law, so far as they are consistent with the above, are granted, and, to the extent that they differ from the above, are denied.

Judgment may be entered for the plaintiffs in the sum of $9,556.58, with interest on $656.08 thereof from March 15, 1936, on $656.08 thereof from June 15, 1936, on $656.08 thereof from September 15, 1936, on $652.61 thereof from December 15, 1936, and on $6,935.73, being the balance thereof, from April 9, 1937, with costs.